1   BRYAN SCHWARTZ LAW
2   Bryan J. Schwartz (SBN 209903)
3   Email: bryan@bryanschwartzlaw.com
    1330 Broadway, Suite 1630
4   Oakland, CA 94612
5   Telephone: (510) 444-9300
    Facsimile: (510) 444-9301
6
7   *Attorneys for Individual and Representative
    Plaintiff and the Putative Class*

8
9                   UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA
10

11                                              Case No.: SACV13 - 00561 DOC (JPRx)

12  TERRY P. BOYD, individually, on behalf of
    others similarly situated, and on behalf of the   CLASS AND COLLECTIVE
13  general public,                                    ACTION

14                          Plaintiff,               COMPLAINT FOR DAMAGES,
                                                     RESTITUTION AND INJUNCTIVE
15      vs.                                          RELIEF

16                                                   1.  **Violation of Fair Labor
17                                                       Standards Act, 29 U.S.C. § 207**
    Bank of America Corp.; LandSafe, Inc.;
18  LandSafe Appraisal Services, Inc.; and DOES     2.  **Violation of California Labor
    1-10, inclusive                                      Code §§ 510, 1194, and 1198, and
19                                                       IWC Wage Order(s)**
20
                                                     3.  **Failure to Provide Itemized Wage
21                          Defendants.                   Statements (Cal. Labor Code
                                                         § 226)**
22
23                                                   4.  **Failure to Provide and/or
                                                         Authorize Meal and Rest Periods
24                                                       (California Labor Code §§ 512,
                                                         226.7, and IWC Wage Order(s))**
25                                                   5.  **Violation of Cal. Business and
                                                         Professions Code § 17200, *et seq.***
26
27                                                   **DEMAND FOR JURY TRIAL**
28

## I.   PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Individual and Representative Plaintiff Terry P. Boyd on his own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiff and the putative class members were or are employed by Defendant Bank of America Corp. and its subsidiaries LandSafe, Inc. and LandSafe Appraisal Services, Inc. (collectively, "Bank of America" or "Defendants") as Residential Appraisers (and other similar positions) (hereinafter, "Appraisers").[1]

2.    As Appraisers, Plaintiff and the putative class members are and were non-exempt employees under federal and state wage and hour laws, and should have been classified as such and received overtime pay consistent with the requirements of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.    The Collective Class is made of all persons who are or have been employed by Bank of America as Appraisers in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

4.    The California Class is made up of all persons who are or have been employed by Defendants as Appraisers in the State of California within four years prior to this action's filing date through the date of final disposition of this action (the "California Class Period").

---

[1] Upon information and belief, Mr. Boyd's job title was sometimes referred to as "Residential Appraiser" as well as "Staff Appraiser II." The putative class includes all employees who held these titles during the relevant time periods, as well as any other employees performing the same or similar duties for Bank of America during the relevant time periods. All such employees are referred to herein as "Appraisers."

1

CLASS AND COLLECTIVE ACTION COMPLAINT

5.     During the Collective Class Period and the California Class Period, Defendants failed to pay appropriate overtime compensation to each member of the Collective Class and California Class as required by federal and state law. Plaintiff seeks relief for the California Class pursuant to applicable state law, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The relief sought is to remedy the Defendants' failure to:  pay appropriate overtime compensation, provide or authorize meal and rest periods, and maintain accurate time records, in addition to restitutionary and injunctive relief.

## II.    THE PARTIES

6.     Individual and representative Plaintiff Terry P. Boyd resides in Orange County, California. He was hired by Countrywide Home Loans, Inc., then-owner of LandSafe Appraisal Services, Inc., as a "Staff Appraiser II" on or around September 10, 2007. When Bank of America acquired Countrywide Home Loans, Inc. on or around July 1, 2008, and Mr. Boyd became an employee of Bank of America. There he continued to be a "Staff Appraiser," with his position sometimes referred to as "Residential Appraiser." He worked out of Orange County, and was affiliated with Bank of America's Ladera Ranch, California, office, until he was terminated on or about July 29, 2011. Plaintiff Boyd brings his claim on behalf of himself and the Collective and California Classes. A written consent form for Plaintiff Boyd is attached as Exhibit A.

7.     Upon information and belief, Defendant Bank of America Corp. is a Delaware Corporation headquartered in North Carolina that does business in and maintains offices in many states throughout the United States, including California.

8.     Upon information and belief, Defendant LandSafe, Inc. is a wholly-owned subsidiary of Bank of America Corp. Upon information and belief, Defendant LandSafe, Inc. is registered as a Delaware corporation and does business in California, where it offers a variety of real estate closing services.

2

CLASS AND COLLECTIVE ACTION COMPLAINT

9.     Upon information and belief, Defendant LandSafe Appraisal, Inc., is a wholly-owned subsidiary of Bank of America Corp. Upon information and belief, Defendant LandSafe Appraisal, Inc., is a California Corporation that performs appraisals of homes in connection with Bank of America's issuance of home loans and home loan refinancing.

10.     Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiff and the putative class members herein alleged were proximately caused by such Defendants.

11.     Plaintiff is informed, believes, and thereon alleges that each of the Defendants herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiff is further informed, believes, and thereon alleges that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

## III.   JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 207, 216(b). The representative Plaintiff has signed a consent form to join this lawsuit, attached hereto as Exhibit A. This Court has original jurisdiction over all of the state and federal claims herein under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because, upon information and belief, the amount in controversy exceeds $5,000,000 and the parties are citizens of diverse jurisdictions. This Court also has

CLASS AND COLLECTIVE ACTION COMPLAINT

1   supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.

2   § 1367.

3        13.    Venue is proper in the United States District Court for the Central

4   District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part

5   of the events giving rise to the claims set forth herein occurred in this district.

6                **IV.   COLLECTIVE ACTION ALLEGATIONS**

7        14.    Plaintiff brings this action on behalf of himself and other employees

8   similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The

9   employees similarly situated are:

10      **Collective Class:**   All persons who are or have been employed by

11  Defendants as Appraisers, including employees with the job title "Residential

12  Appraiser" and any other employee performing the same or similar duties for

13  Defendants, within the United States at any time from three years prior to the

14  filing of this Complaint to the final disposition of this case.

15      15.    Upon information and belief, Defendants suffered and permitted

16  Plaintiff and the Collective Class to work more than forty hours per week without

17  appropriate overtime compensation.

18      16.    Defendants' unlawful conduct has been widespread, repeated, and

19  consistent.

20      17.    Upon information and belief, Defendants knew that Plaintiff and the

21  Collective Class performed work that required overtime pay. Defendants have

22  operated under a scheme to deprive these employees of appropriate overtime

23  compensation by failing to properly compensate them for all hours worked.

24      18.    Upon information and belief, Defendants misclassified Plaintiff and

25  members of the Collective Class as "exempt" from federal and state overtime laws.

26  Defendants misrepresented to these employees that they were "exempt" and

27

28

                                    4
                **CLASS AND COLLECTIVE ACTION COMPLAINT**

1   therefore were not entitled to overtime pay for hours worked in excess of forty a
2   week.

3        19.   Plaintiff and the Collective Class members are not learned
4   professionals as defined by the FLSA.

5        20.   Appraisers perform no sales, *i.e.*, generate no new loan business for
6   Defendants. Rather, they conduct appraisals of properties as such appraisals are
7   assigned to them.

8        21.   The primary duties of Plaintiff and the Collective Class consisted of
9   routine mental work, dictated by detailed guidelines enforced by Defendants. In
10  essence, Plaintiff and the Collective Class members were required to follow a
11  detailed "checklist" and retrieve or verify required data for each appraisal they
12  produced.

13       22.   Plaintiff and the Collective Class members are subject to productivity
14  requirements and are production workers, not administrators of Defendants'
15  general business operations or makers of Defendants' overarching policies.

16       23.   Plaintiff and the Collective Class were or are required to produce a
17  minimum number of "billings" each month, and their compensation is based on the
18  number of appraisals they produce. Appraisers must produce each appraisal report
19  under Defendants' pre-established guidelines, within a set period of time ("turn
20  time") and by a set due date for each appraisal. They are trained to apply
21  Defendants' pre-established guidelines and procedures as they find them. They are
22  required to fill in the boxes of a company-approved form with information dictated
23  by the company, using data obtained in on-site visits and obtained from electronic
24  databases made available by the company.

25       24.   To meet Defendants' quotas, and because their compensation is based
26  on the number of appraisals they complete, Appraisers frequently are required to
27  work far in excess of forty hours per week. Plaintiff and those similarly situated

28

CLASS AND COLLECTIVE ACTION COMPLAINT

regularly work on weekends and holidays in order to generate sufficient "billings." Plaintiff Boyd regularly worked seven days a week, amounting to sixteen to twenty-four hours of overtime per week, and worked through holidays including Thanksgiving, Christmas, and the Fourth of July. If Plaintiff and his fellow Appraisers took or take vacation or sick days, they had to work additional overtime during the rest of the month to make up for billings that they failed to achieve as a result of having taken vacation or sick days.

25.    In addition to the sheer number of appraisals they conducted, Appraisers' pay was tied to how closely they adhered to Bank of America's required standards and how quickly they turned around appraisals.

26.    Plaintiff and the Collective Class members lack significant discretion over appraisal values they assign. Defendants' managers, who supervised Plaintiff and those similarly situated, are the ones who have discretion over appraisal values, and have, upon information and belief, at times required class members to alter their valuations in order to ensure that the valuation results are in line with Defendants' desired final valuation – i.e., a valuation that will allow Defendants to sell a given loan or refinancing transaction.

27.    Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

28.    Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

CLASS AND COLLECTIVE ACTION COMPLAINT

## V.    CALIFORNIA CLASS ALLEGATIONS

29.    Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following defined class:

**Proposed California Class:**  All persons who are or have been employed by Defendants as Appraisers, including employees with the job title "Residential Appraiser" and any other employee performing the same or similar job duties for Defendants, within the State of California at any time from four years prior to the filing of this Complaint to the final disposition of this case.

30.    Plaintiff, on behalf of himself and the California class, alleges and incorporates by reference the allegations in the preceding paragraphs.

31.    Numerosity:   The Proposed California Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed at least several dozen people who are geographically dispersed and who satisfy the definition of the Proposed California Class.

32.    Typicality:   Plaintiff's claims are typical of the members of the Proposed California Class. Plaintiff is informed and believes that Appraisers routinely worked more than eight hours per day and more than 40 hours per week during the Class Period. Plaintiff had the same duties and responsibilities as other Class members and was subject to Defendants' policy and practice of: improperly treating and classifying these employees as "exempt" from state overtime law; misrepresenting to these employees that they were exempt from state overtime law; improperly failing to pay appropriate overtime compensation for all hours worked; failing to provide or authorize meal and rest breaks in compliance with state laws; failing to maintain accurate time records of hours worked by the Proposed California Class; and failing to issue accurate itemized wage statements to these individuals.

CLASS AND COLLECTIVE ACTION COMPLAINT

33. <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

34. <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of the Proposed California Class, has no conflicts with the Proposed California Class's interests, and has retained counsel experienced in complex wage and hour class and collective action litigation.

35. <u>Commonality</u>: Common questions of law and fact exist as to all members of the Proposed California Class and predominate over any questions solely affecting individual members of the Proposed California Class, including but not limited to:

    A.    Whether Defendants improperly classified Plaintiff and members of the Proposed California Class as exempt;

    B.    Whether Defendants unlawfully failed to fully pay appropriate overtime compensation to members of the Proposed California Class in violation of state wage laws;

    C.    Whether Plaintiff and Proposed California Class members who are no longer employed with Defendants are entitled to penalties for failure to timely pay wages upon termination of employment, pursuant to the applicable state laws;

    D.    Whether Defendants' policies and practices provide and/or authorize meal and rest periods in compliance with applicable state laws;

CLASS AND COLLECTIVE ACTION COMPLAINT

E.   Whether Defendants failed to keep accurate time records for all hours worked by the Plaintiff and the Proposed California Class in violation of state wage laws;

F.   Whether Defendants provided adequate itemized wage statements to the Plaintiff and the California Class pursuant to applicable state wage laws;

G.   Whether Defendants paid Plaintiff and Proposed California Class members for the full vacation time they earned, based, as promised, on their actual hours worked, including overtime hours;

H.   The proper measure of damages sustained by the Proposed California Class; and

I.   Whether Defendants' actions were "willful."

36.   This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

37.   Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class predominate over any questions affecting only individual members of the Proposed California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed California Class members the overtime pay to which they are entitled. The damages suffered by the individual

9

CLASS AND COLLECTIVE ACTION COMPLAINT

Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. Proposed California Class members fear workplace retaliation and being "blackballed" from obtaining future employment in the appraisal industry. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

38.    Plaintiff intends to send notice to all members of the Proposed California Class to the extent required by Rule 23. The names and addresses of the members of the Proposed California Class are available from Defendants.

### FIRST CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (On Behalf of Plaintiff and the Collective Class)**

39.    Plaintiff, on behalf of himself and the collective class, alleges and incorporates by reference the allegations in the preceding paragraphs.

40.    Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent form is attached hereto as Exhibit A. Plaintiff anticipates that other individuals will continue to sign consent forms and join as plaintiffs.

41.    At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiff and the Collective Class. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

42.    The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half

CLASS AND COLLECTIVE ACTION COMPLAINT

1    times the regular rate of pay for work performed in excess of forty hours per work
2    week.

3        43.    During their employment with Defendants, within the applicable
4    statute of limitations, Plaintiff and the other Collective Class members worked in
5    excess of forty hours per workweek. Despite the hours worked by Plaintiff and the
6    Collective Class members, Defendants willfully, in bad faith, and in knowing
7    violation of the FLSA, failed and refused to pay them the appropriate overtime
8    compensation for all the hours worked in excess of forty.

9        44.    By failing to accurately record, report, and/or preserve records of
10   hours worked by Plaintiff and the Collective Class, Defendants have failed to
11   make, keep, and preserve records with respect to each of its employees sufficient to
12   determine their wages, hours, and other conditions and practice of employment, in
13   violation of the FLSA, 29 U.S.C. § 201 *et seq.*

14       45.    The foregoing conduct, as alleged, constitutes a willful violation of
15   the FLSA, within the meaning of 29 U.S.C. § 255(a).

16       46.    Plaintiff, on behalf of himself and the Collective Class, seeks damages
17   in the amount of their respective unpaid overtime compensation, liquidated
18   damages from three years immediately preceding the filing of this action, plus
19   interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a),
20   and such other legal and equitable relief as the Court deems just and proper.

21       47.    Plaintiff, on behalf of himself and the Collective Class, seeks recovery
22   of his attorneys' fees and costs to be paid by Defendants, as provided by the FLSA,
23   29 U.S.C. § 216(b).

24
25
26
27
28

## SECOND CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation of California Law
### (On Behalf of Plaintiff and the California Class)

48.   Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

49.   At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R. § 11040) and California Labor Code § 510 required employers, like Defendants, to pay overtime premiums for hours worked in excess of 8 in a given workday, 40 in a given workweek, or on the seventh day worked in a single workweek. Pursuant to California Labor Code § 1198, it is unlawful to employ persons for hours longer than the hours set by the Industrial Welfare Commission ("IWC"), or under conditions prohibited by the applicable wage orders of the IWC.

50.   Plaintiff is informed and believes, and thereon alleges, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Class the proper overtime compensation required in violation of IWC Wage Order 4 (8 C.C.R. § 11040) and California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiff and the other Class members are entitled to recover their unpaid overtime compensation.

51.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff and the Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, plus damages, interest, attorneys' fees and costs.

12

CLASS AND COLLECTIVE ACTION COMPLAINT

## THIRD CLAIM FOR RELIEF

### Failure to Provide Accurate Itemized Wage Statements

### (On Behalf of Plaintiff and the California Class)

52.    Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

53.    California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

54.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, of hours worked, to Plaintiff and the California Class in accordance with Labor Code § 226(a). Such failure caused injury to Plaintiff and the California Class members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Plaintiff and the California Class are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Additionally, pursuant to Code of Civil Procedure § 1021.5, *inter alia*, Plaintiff and the California Class are entitled to attorneys' fees and costs. Pursuant to Labor Code § 226(g), Plaintiff is also entitled to seek injunctive relief requiring Defendants to comply with Labor Code § 226(a).

CLASS AND COLLECTIVE ACTION COMPLAINT

# FOURTH CLAIM FOR RELIEF

## Failure to Provide Rest Breaks and Meal Periods

### (On Behalf Plaintiff and the California Class)

55.     Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the proceeding paragraphs.

56.     California Labor Code § 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, or for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

57.     Section 11 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

> If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

14

58.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

59.    California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

60.    Defendants failed to provide Plaintiff and California Class members with meal periods as required by law, and failed to authorize and permit the Plaintiff and California Class members to take rest periods as required by law.

61.    Plaintiff and the California Class members are therefore entitled to payment of the meal and rest period premiums as provided by law. Additionally, pursuant to Code of Civil Procedure § 1021.5, Plaintiff and the California Class are entitled to attorneys' fees and costs.

**FIFTH CLAIM FOR RELIEF**

**Unfair Practice under the Unfair Competition Act**

**(On Behalf Plaintiff and the California Class)**

62.    Plaintiff, on behalf of himself and the California Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

63.    Section 17200 of the California Business and Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct by Defendants, as alleged, constitutes unlawful business actions and practices in violation of § 17200 *et seq.*

64.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiff and the California Class members are entitled to:  restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendants to pay overtime and meal/rest premiums to all workers as defined herein; in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5, and other applicable law; and costs.

**PRAYER FOR RELIEF**

65.    WHEREFORE, Plaintiff, on behalf of himself and all members of the Collective and California Classes, prays for relief as follows:

A.    That the Court determine that this action may proceed as a class action under Rule 23(b)(1) and (3) of the Federal Rules of Civil Procedure;

B.    That Defendants are found to have violated the overtime, meal/rest period, itemized wage statement/time records, failure to reimburse, and failure to timely pay wages penalty

CLASS AND COLLECTIVE ACTION COMPLAINT

provisions of the California wage laws cited above as to the California Class;

C.    That Defendants are found to have violated the overtime provisions of the FLSA as to Plaintiff and the Collective Class;

D.    That Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiff and the Collective Class;

E.    That Defendants' violations as described above are found to be willful;

F.    An award to Plaintiff and the California and Collective Classes for the amount of unpaid wages owed, liquidated damages and penalties where provided by state and federal law, and interest thereon, subject to proof at trial;

G.    That Defendants be ordered and enjoined to pay restitution to Plaintiff and the California Class due to Defendants' unlawful activities, pursuant to California state law cited above;

H.    That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

I.    That the Court grant declaratory relief stating that Defendants' scheme is unlawful;

J.    For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216, California Labor Code § 1194, and/or other applicable state laws; and

L.    For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.

DATED: April 9, 2013                    **BRYAN SCHWARTZ LAW**

By:

Bryan Schwartz (SBN 209903)

*Attorneys for Plaintiff*

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against Bank of America and/or LandSafe Appraisal ("BofA") as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for BofA. During the past three years, there were occasions when I worked over 40 hours per week for BofA and did not receive overtime compensation.

I worked for BofA as a (please check all that apply):

☒ Production Appraiser
☒ Review Appraiser
☐ Other (Specify Title: _____ )

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____     4/1/2013
Signature                         Date

_TeRRy P Boyd_
Print Name

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

_Foothill Ranch, California_
Location(s) Worked (City/State)

CONSENT AND DECLARATION

From:Court Link Inc.                714 836 4449              04/10/2013 08:13        #113 P.011/013

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 561 DOC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [] **Western Division** | [] **Southern Division** | [] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

113M563390371.tif - 4/10/2013 8:22:00 AM

From:Court Link Inc.               714 836 4449          04/10/2013 08:08     #113 P.003/013

Bryan Schwartz Law
Bryan Schwartz (SBN 209903)
Michael Thomas (SBN 226129)
1330 Broadway, Suite 1630
Oakland, CA 94612
(510) 444-9300

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY P. BOYD, individually, on behalf of others similarly situated, and on behalf of the general public, <br><br> PLAINTIFF(S) <br><br> v. <br><br> Bank of America Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.; and DOES 1-10, inclusive <br><br> DEFENDANT(S). | CASE NUMBER <br><br> SACV13 - 00561 DOC (JPRx) <br><br><br> SUMMONS |

TO:    DEFENDANT(S):

         A lawsuit has been filed against you.

         Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Bryan Schwartz_____, whose address is _1330 Broadway, Suite 1630, Oakland, CA 94612_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

                                                    Clerk, U.S. District Court

Dated: __APR - 9 2013__

                                                    By: _____
                                                         DODJIE LAGMAN
                                                         Deputy Clerk

                                                         *(Seal of the Court)*

[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].

CV-01A (10/11)                              SUMMONS

113M563390371.tif - 4/10/2013 8:22:00 AM

Bryan Schwartz Law
Bryan Schwartz (SBN 209903)
Michael Thomas (SBN 226129)
1330 Broadway, Suite 1630
Oakland, CA 94612
(510) 444-9300

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY P. BOYD, individually, on behalf of others similarly situated, and on behalf of the general public, <br><br> PLAINTIFF(S) <br><br> v. <br><br> Bank of America Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.; and DOES 1-10, inclusive <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **SACV13 - 00561 DOC (JPRx)** <br><br><br> **SUMMONS** |

TO:     DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Bryan Schwartz_____, whose address is _1330 Broadway, Suite 1630, Oakland, CA 94612_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___APR - 9 2013___

By: _____
**DODJIE LAGMAN**
Deputy Clerk

(Seal of the Court)

1225

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (10/11)                                    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
TERRY P. BOYD

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
Bank of America Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Bryan Schwartz Law
1330 Broadway, Suite 1630
Oakland, CA 94612
(510) 444-9300

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No    (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 201 et seq. - Misclassification of employees as exempt

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☒ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:  Case Number:** SACV13 - 00561 DOC (JPRx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                    CIVIL COVER SHEET                    Page 1 of 2

113M563390371.tif - 4/10/2013 8:22:00 AM

From:Court Link Inc.                714 836 4449              04/10/2013 08:12        #113 P.009/013

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

TERRY P. BOYD

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

Bank of America Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)**
Bryan Schwartz Law
1330 Broadway, Suite 1630
Oakland, CA 94612
(510) 444-9300

**(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 201 et seq. - Misclassification of employees as exempt

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☒ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 220 Foreclosure | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

FOR OFFICE USE ONLY: Case Number:     SACV13 - 00561 DOC (JPRx)

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13)                          CIVIL COVER SHEET                          Page 1 of 2

113M563390371.tif - 4/10/2013 8:22:00 AM

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and one_ of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware, North Carolina |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County, Los Angeles County | |

*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):**                              DATE: April 9, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

CV-71 (02/13)                              CIVIL COVER SHEET                              Page 2 of 2