BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
Email: bryan@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

*Attorneys for Individual and Representative*
*Plaintiff and the Putative Class*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Terry P. Boyd, Ethel Joann Parks, Sonia Medina, and Linda Zanko, individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>Bank of America Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.; and DOES 1-10, inclusive<br><br>Defendants. | Case No.: 13-CV-00561 DOC(JPRx)<br><br>**CLASS AND COLLECTIVE ACTION**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>1. **Violation of Fair Labor Standards Act, 29 U.S.C. § 207**<br><br>2. **Violation of California Labor Code §§ 510, 1194, and 1198, and IWC Wage Order(s)**<br><br>3. **Failure to Provide Itemized Wage Statements (Cal. Labor Code § 226)**<br><br>4. **Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code §§ 512, 226.7, and IWC Wage Order(s))**<br><br>5. **Violation of Cal. Business and Professions Code § 17200, *et seq.***<br><br>6. **Waiting Time Penalties (Cal. Labor Code § 203)**<br><br>**DEMAND FOR JURY TRIAL** |

## I.   PRELIMINARY STATEMENT

1.     This is a collective and class action brought by Individual and Representative Plaintiffs Terry P. Boyd, Ethel Joann Parks, Sonia Medina, and Linda Zanko on their own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiffs and the putative class members were or are employed by Defendant Bank of America Corp. and its subsidiaries LandSafe, Inc. and LandSafe Appraisal Services, Inc. (collectively, "Bank of America" or "Defendants") as Residential Appraisers (and other similar positions) (hereinafter, "Appraisers").[1]

2.     As Appraisers, Plaintiffs and the putative class members are and were non-exempt employees under federal and state wage and hour laws, and should have been classified as such and received overtime pay consistent with the requirements of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.     The Collective Class is made of all persons who are or have been employed by Bank of America as Appraisers in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

4.     The California Class is made up of all persons who are or have been employed by Defendants as Appraisers in the State of California within four years

---

[1] Upon information and belief, Plaintiffs' job titles were sometimes referred to as "Residential Appraiser" as well as "Staff Appraiser", "Staff Appraiser II" and "Senior Appraiser." The putative class includes all employees who held these titles during the relevant time periods, as well as any other employees performing the same or similar duties for Bank of America during the relevant time periods. All such employees are referred to herein as "Appraisers."

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1 prior to this action's filing date through the date of final disposition of this action
2 (the "California Class Period").

3        5.    The California Waiting Time Penalties Subclass is made up of all
4 California Class members who are no longer employed by Defendants and have
5 not been employed by Defendants for more than 72 hours.

6        6.    The California Itemized Wage Statement Subclass is made up of all
7 California Class members who are currently employed by Defendants or were
8 employed by Defendants at some point within the year preceding the filing of the
9 initial Complaint in this action.

10        7.    During the Collective Class Period and the California Class Period,
11 Defendants failed to pay appropriate overtime compensation to each member of the
12 Collective Class and California Class as required by federal and state law.
13 Plaintiffs seek relief for the California Class pursuant to applicable state law, rules,
14 regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The
15 relief sought is to remedy the Defendants' failure to:  pay appropriate overtime
16 compensation, provide or authorize meal and rest periods, pay waiting time
17 penalties, provide lawful itemized wage statements, and maintain accurate time
18 records, in addition to restitutionary and injunctive relief.

19                            **II.    THE PARTIES**

20        8.    Individual and representative Plaintiff Terry P. Boyd resides in
21 Orange County, California. He was hired by Countrywide Home Loans, Inc., then-
22 owner of LandSafe Appraisal Services, Inc., as a "Staff Appraiser II" on or around
23 September 10, 2007. When Bank of America acquired Countrywide Home Loans,
24 Inc. on or around July 1, 2008, Mr. Boyd became an employee of Bank of
25 America. There he continued to be a "Staff Appraiser," with his position
26 sometimes referred to as "Residential Appraiser." He worked out of Orange
27 County, and was affiliated with Bank of America's Ladera Ranch, California,
28

1  office, until he was terminated on or about July 29, 2011. Plaintiff Boyd brings his

2  claim on behalf of himself and the Collective and California Classes. A written

3  consent form for Plaintiff Boyd is attached as Exhibit A.

4      9.    Individual and representative Plaintiff Ethel Joann Parks resides in

5  San Joaquin County, California. She was hired by Countrywide Home Loans, Inc.,

6  then-owner of LandSafe Appraisal Services, Inc., as a Staff Appraiser in

7  approximately October 2007. When Bank of America acquired Countrywide Home

8  Loans, Inc. on or around July 1, 2008, Ms. Parks became an employee of Bank of

9  America. There, she continued to be a "Staff Appraiser," with her position

10  sometimes referred to as "Residential Appraiser." She is currently employed by

11  Bank of America.

12      10.   Individual and representative Plaintiff Sonia Medina resides in Solano

13  County, California. She was hired by Bank of America in April 1991. She served

14  as a Senior Appraiser, working out of Contra Costa and Alameda Counties. She

15  retired from Bank of America on or about June 30, 2012.

16      11.   Individual and representative Plaintiff Linda Zanko resides in Marin

17  County, California. She was hired by Bank of America as a "Staff Appraiser" (also

18  known as a Residential Appraiser) in July 2003. She worked out of Sonoma and

19  Marin Counties. When Bank of America acquired Countrywide Home Loans, Inc.

20  on or around July 1, 2008, Ms. Zanko became an employee of LandSafe Appraisal

21  Services, Inc. She continued in that position until she retired from Bank of

22  America on or about October 1, 2012.

23      12.   Upon information and belief, Defendant Bank of America Corp. is a

24  Delaware Corporation headquartered in North Carolina that does business in and

25  maintains offices in many states throughout the United States, including California.

26      13.   Upon information and belief, Defendant LandSafe, Inc. is a wholly-

27  owned subsidiary of Bank of America Corp. Upon information and belief,

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1  Defendant LandSafe, Inc. is registered as a Delaware corporation and does
2  business in California, where it offers a variety of real estate closing services.

3      14.     Upon information and belief, Defendant LandSafe Appraisal, Inc., is a
4  wholly-owned subsidiary of Bank of America Corp. Upon information and belief,
5  Defendant LandSafe Appraisal, Inc., is a California Corporation that performs
6  appraisals of homes in connection with Bank of America's issuance of home loans
7  and home loan refinancing.

8      15.     Defendants Does 1-10, inclusive, are sued herein under fictitious
9  names. Their true names and capacities are unknown to Plaintiffs. When their true
10 names and capacities are ascertained, Plaintiffs will amend this complaint by
11 inserting their true names and capacities herein. Plaintiffs are informed and believe
12 and thereon allege that each of the fictitiously-named Defendants is responsible in
13 some manner for the occurrences herein alleged, and that the damages of Plaintiffs
14 and the putative class members herein alleged were proximately caused by such
15 Defendants.

16      16.     Plaintiffs are informed, believe, and thereon allege that each of the
17 Defendants herein was at all times relevant to this action the agent, employee,
18 representative partner, and/or joint venturer of the remaining Defendants and was
19 acting within the course and scope of the relationship. Plaintiffs are further
20 informed, believe, and thereon allege that each of the Defendants herein gave
21 consent to, ratified and authorized the acts alleged herein to the remaining
22 Defendants.

23                    **III.   JURISDICTION AND VENUE**

24      17.     This Court has subject matter jurisdiction pursuant to 28 U.S.C.
25 § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 207, 216(b). The
26 representative Plaintiffs have signed consent forms to join this lawsuit, attached
27 hereto as Exhibits A-D. This Court has original jurisdiction over all of the state and
28

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

federal claims herein under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because, upon information and belief, the amount in controversy exceeds $5,000,000 and the parties are citizens of diverse jurisdictions. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

18.    Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## IV.   COLLECTIVE ACTION ALLEGATIONS

19.    Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:**   All persons who are or have been employed by Defendants as Appraisers, including employees with the job title "Staff Appraiser" or "Residential Appraiser" and any other employee performing the same or similar duties for Defendants, within the United States at any time from three years prior to the filing of this Complaint to the final disposition of this case.

20.    Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

21.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

22.    Upon information and belief, Defendants knew that Plaintiffs and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

23.     Upon information and belief, Defendants misclassified Plaintiffs and members of the Collective Class as "exempt" from federal and state overtime laws. Defendants misrepresented to these employees that they were "exempt" and therefore were not entitled to overtime pay for hours worked in excess of forty a week.

24.     Plaintiffs and the Collective Class members are not learned professionals as defined by the FLSA.

25.     Appraisers perform no sales, *i.e.*, generate no new loan business for Defendants. Rather, they conduct appraisals of properties as such appraisals are assigned to them.

26.     The primary duties of Plaintiffs and the Collective Class consisted of routine mental work, dictated by detailed guidelines enforced by Defendants. In essence, Plaintiffs and the Collective Class members were required to follow a detailed "checklist" and retrieve or verify required data for each appraisal they produced.

27.     Plaintiffs and the Collective Class members are subject to productivity requirements and are production workers, not administrators of Defendants' general business operations or makers of Defendants' overarching policies.

28.     Plaintiffs and the Collective Class were or are required to produce a minimum number of "billings" each month, and their compensation is based on the number of appraisals they produce. Appraisers must produce each appraisal report under Defendants' and regulatory pre-established guidelines, within a set period of time ("turn time") and by a set due date for each appraisal. They are trained to apply Defendants' and regulatory pre-established guidelines and procedures as they find them. They are required to fill in the boxes of a company-approved form with information dictated by the company, using data obtained in on-site visits and obtained from electronic databases made available by the company.

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

29.     To meet Defendants' quotas, and because their compensation is based on the number of appraisals they complete, Appraisers frequently are required to work far in excess of forty hours per week. Plaintiffs and those similarly situated regularly work on weekends and holidays in order to generate sufficient "billings." Plaintiff Boyd regularly worked seven days a week, amounting to sixteen to twenty-four hours of overtime per week, and worked through holidays including Thanksgiving, Christmas, and the Fourth of July. Plaintiff Parks regularly worked 12 to 14 hours per day to meet Defendants' deadlines. Plaintiff Medina regularly worked 70 to 80 hours per week, including Saturdays and Sundays. Plaintiff Zanko regularly worked at least 70 to 80 hours per week, including weekends and holidays, regularly working until midnight. If Plaintiffs and their fellow Appraisers took or take vacation or sick days, they had to work additional overtime during the rest of the month to make up for billings that they failed to achieve as a result of having taken vacation or sick days.

30.     In addition to the sheer number of appraisals they conducted, Appraisers' pay was tied to how closely they adhered to Bank of America's required standards and how quickly they turned around appraisals.

31.     Plaintiffs and the Collective Class members lack significant discretion over appraisal values they assign. Appraisal methods are dictated by regulatory and industry standards. Also, Defendants' managers, who supervised Plaintiffs and those similarly situated, have some discretion over appraisals, and have, upon information and belief, at times required class members to alter their valuations in order to ensure that the valuation results are in line with Defendants' desired final valuation – *i.e.*, a valuation that will allow Defendants to sell a given loan or refinancing transaction.

32.     Defendants' conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

7

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

33.     Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly-situated employees are known to Defendants and are readily identifiable through Defendants' records.

## V.   CALIFORNIA CLASS ALLEGATIONS

34.     Plaintiffs bring this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure ("FRCP") on behalf of the following defined class:

**Proposed California Class:** All persons who are or have been employed by Defendants as Appraisers, including employees with the job title "Residential Appraiser" and any other employee performing the same or similar job duties for Defendants, within the State of California at any time from four years prior to the filing of this Complaint to the final disposition of this case.

35.     Plaintiffs Boyd, Medina and Zanko bring this action as a class action pursuant to Rule 23 of the FRCP on behalf of the following defined subclass:

**Proposed California Waiting Time Penalties Subclass:** All California Class members who are no longer employed by Defendants and have not been employed by Defendants for more than 72 hours.

36.     Plaintiffs Medina, Parks and Zanko bring this action as a class action pursuant to Rule 23 of the FRCP on behalf of the following defined subclass:

**Proposed California Itemized Wage Statement Subclass:** All California Class members who are currently employed by Defendants or were employed by

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1   Defendants at some point within the year preceding the filing of the initial
2   Complaint in this action.

3       37.     Plaintiffs, on behalf of themselves and the California class, allege and
4   incorporate by reference the allegations in the preceding paragraphs.

5       38.     <u>Numerosity</u>:   The Proposed California Class (and each of the
6   Proposed California Subclasses) is so numerous that joinder of all members is
7   impracticable. Plaintiffs are informed and believe, and on that basis allege, that
8   during the relevant time period, Defendants employed at least several dozen people
9   who are geographically dispersed and who satisfy the definition of the Proposed
10  California Class (and each of the Proposed California Subclasses).

11      39.     <u>Typicality</u>:   Plaintiffs' claims are typical of the members of the
12  Proposed California Class. Plaintiffs are informed and believe that Appraisers
13  routinely worked more than eight hours per day and more than 40 hours per week
14  during the Class Period. Plaintiffs had the same duties and responsibilities as other
15  Class members and were subject to Defendants' policy and practice of: improperly
16  treating and classifying these employees as "exempt" from state overtime law;
17  misrepresenting to these employees that they were exempt from state overtime law;
18  improperly failing to pay appropriate overtime compensation for all hours worked;
19  failing to provide or authorize meal and rest breaks in compliance with state laws;
20  and failing to maintain accurate time records of hours worked by the Proposed
21  California Class.

22      40.     Plaintiffs Boyd, Zanko, and Medina are typical of the California
23  Waiting Time Penalties Subclass, in that they, like other members of the subclass,
24  were not paid all wages due within the time specified by the Labor Law, and are
25  therefore entitles to Penalties.

26      41.     Plaintiffs Zanko, Medina, and Parks are typical of the California
27  Itemized Wage Statement Subclass, in that they are employed by Defendants or

28

9

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1 │ were so employed within one year prior to the filing of this suit, and Defendants
2 │ failed to issue them accurate itemized wage statements.

3 │     42.    Superiority:  A class action is superior to other available methods for
4 │ the fair and efficient adjudication of this controversy, particularly in the context of
5 │ wage and hour litigation where individual plaintiffs lack the financial resources to
6 │ vigorously prosecute separate lawsuits in federal court against large corporate
7 │ defendants, and fear retaliation and blackballing in their industry. Prosecuting
8 │ dozens of identical individual lawsuits statewide does not promote judicial
9 │ efficiency, equity, or consistency in judicial results.

10 │     43.    Adequacy:  Plaintiffs will fairly and adequately protect the interests of
11 │ the Proposed California Class, have no conflicts with the Proposed California
12 │ Class's interests, and have retained counsel experienced in complex wage and hour
13 │ class and collective action litigation.

14 │     44.    Commonality: Common questions of law and fact exist as to all
15 │ members of the Proposed California Class and predominate over any questions
16 │ solely affecting individual members of the Proposed California Class, including
17 │ but not limited to:

18 │                 A.    Whether  Defendants  improperly  classified  Plaintiff  and
19 │                       members of the Proposed California Class as exempt;

20 │                 B.    Whether Defendants unlawfully failed to fully pay appropriate
21 │                       overtime compensation to members of the Proposed California
22 │                       Class in violation of state wage laws;

23 │                 C.    Whether Plaintiff and Proposed California Class members who
24 │                       are  no  longer  employed  with  Defendants  are  entitled  to
25 │                       penalties for failure to timely pay wages upon termination of
26 │                       employment, pursuant to the applicable state laws;

27 │
28 │

1      D.    Whether Defendants' policies and practices provide and/or

2           authorize meal and rest periods in compliance with applicable

3           state laws;

4      E.    Whether Defendants failed to keep accurate time records for all

5           hours worked by the Plaintiff and the Proposed California Class

6           in violation of state wage laws;

7      F.    Whether Defendants paid Plaintiff and Proposed California

8           Class members for the full vacation time they earned, based, as

9           promised, on their actual hours worked, including overtime

10         hours;

11     G.    The proper measure of damages sustained by the Proposed

12         California Class; and

13     H.    Whether Defendants' actions were "willful."

14    45.   Common questions of law and fact exist as to all members of the

15 Proposed California Waiting Time Penalties Subclass, and predominate over any

16 questions solely affecting individual members of that Subclass, including but not

17 limited to:

18          Whether Defendants' policy and practice of failing to pay its

19          employees all wages due within the time required by law after their

20          employment ended violates the law and warrants waiting time

21          penalties under Cal. Labor Code §§ 200, 201, 202, and 203

22    46.   Common questions of law and fact exist as to all members of the

23 Proposed California Class Itemized Wage Statement Subclass, and predominate

24 over any questions solely affecting individual members of that Subclass, including

25 but not limited to:

26

27

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1         Whether Defendants provided adequate itemized wage statements to

2         the Plaintiff and the California Class pursuant to applicable state wage

3         laws;

4     47.    This case is maintainable as a class action under Fed. R. Civ. P.

5 23(b)(1) because prosecution of actions by or against individual members of the

6 class would result in inconsistent or varying adjudications and create the risk of

7 incompatible standards of conduct for Defendants. Further, adjudication of each

8 individual member's claim as a separate action would be dispositive of the interest

9 of other individuals not party to this action, impeding their ability to protect their

10 interests.

11     48.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3)

12 because questions of law and fact common to the Proposed California Class (and

13 each of the Proposed California Subclasses) predominate over any questions

14 affecting only individual members of the Proposed California Class (and

15 Subclasses), and because a class action is superior to other available methods for

16 the fair and efficient adjudication of this litigation. Defendants' common and

17 uniform policies and practices denied the Proposed California Class members the

18 overtime pay to which they are entitled. The damages suffered by the individual

19 Proposed California Class members are small compared to the expense and burden

20 of individual prosecution of this litigation. Proposed California Class members fear

21 workplace retaliation and being "blackballed" from obtaining future employment

22 in the appraisal industry. In addition, class certification is superior because it will

23 obviate the need for unduly duplicative litigation that might result in inconsistent

24 judgments about Defendants' practices.

25     49.    Plaintiff intends to send notice to all members of the Proposed

26 California Class to the extent required by Rule 23. The names and addresses of the

27 members of the Proposed California Class are available from Defendants.

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

## FIRST CLAIM FOR RELIEF

### Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (On Behalf of Plaintiffs and the Collective Class)

50.     Plaintiffs, on behalf of themselves and the collective class, allege and incorporate by reference the allegations in the preceding paragraphs.

51.     Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent form is attached hereto as Exhibits A-D. Plaintiffs anticipate that other individuals will continue to sign consent forms and join as plaintiffs.

52.     At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs and the Collective Class. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

53.     The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

54.     During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiffs and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

55.     By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants have failed to

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1   make, keep, and preserve records with respect to each of its employees sufficient to

2   determine their wages, hours, and other conditions and practice of employment, in

3   violation of the FLSA, 29 U.S.C. § 201 *et seq.*

4   56.    The foregoing conduct, as alleged, constitutes a willful violation of

5   the FLSA, within the meaning of 29 U.S.C. § 255(a).

6   57.    Plaintiffs, on behalf of themselves and the Collective Class, seek

7   damages in the amount of their respective unpaid overtime compensation,

8   liquidated damages from three years immediately preceding the filing of this

9   action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b)

10  and 255(a), and such other legal and equitable relief as the Court deems just and

11  proper.

12  58.    Plaintiffs, on behalf of themselves and the Collective Class, seek

13  recovery of their attorneys' fees and costs to be paid by Defendants, as provided by

14  the FLSA, 29 U.S.C. § 216(b).

15  ## SECOND CLAIM FOR RELIEF

16  **Failure to Pay Overtime Compensation in Violation of California Law**

17  **(On Behalf of Plaintiffs and the California Class)**

18  59.    Plaintiffs, on behalf of themselves and the California Class, allege and

19  incorporate by reference the allegations in the preceding paragraphs.

20  60.    At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R.

21  § 11040) and California Labor Code § 510 required employers, like Defendants, to

22  pay overtime premiums for hours worked in excess of 8 in a given workday, 40 in

23  a given workweek, or on the seventh day worked in a single workweek. Pursuant

24  to California Labor Code § 1198, it is unlawful to employ persons for hours longer

25  than the hours set by the Industrial Welfare Commission ("IWC"), or under

26  conditions prohibited by the applicable wage orders of the IWC.

27

28

61.     Plaintiffs are informed and believe, and thereon allege, that members of the Class worked in excess of eight hours per day and in excess of 40 hours per week, and Defendants unlawfully failed to pay members of the Class the proper overtime compensation required in violation of IWC Wage Order 4 (8 C.C.R. § 11040) and California Labor Code §§ 510 and 1198. Pursuant to California Labor Code § 1194, Plaintiffs and the other Class members are entitled to recover their unpaid overtime compensation.

62.     As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiffs and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendants, in an amount to be established at trial, plus damages, interest, attorneys' fees and costs.

## THIRD CLAIM FOR RELIEF

### Failure to Provide Accurate Itemized Wage Statements

### (On Behalf of Plaintiffs Parks, Medina, and Zanko and the California Itemized Wage Statement Subclass)

63.     Plaintiffs Parks, Medina, and Zanko, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

64.     California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs

1   and $100 per employee for each violation in a subsequent pay period (up to a
2   maximum of $4,000), in addition to attorneys' fees and costs.

3       65.    Defendants knowingly and intentionally failed to provide timely,
4   accurate, itemized wage statements including, *inter alia*, of hours worked, to
5   Plaintiffs Parks, Medina, and Zanko and the California Itemized Wage Statement
6   Subclass in accordance with Labor Code § 226(a). Such failure caused injury to
7   said Plaintiffs and Subclass members, by, among other things, impeding them from
8   knowing the total hours worked and the amount of wages to which they are and
9   were entitled. Said Plaintiffs and Subclass members are therefore entitled to the
10  damages and penalties provided for under Labor Code § 226(e). Additionally,
11  pursuant to Code of Civil Procedure § 1021.5, *inter alia,* said Plaintiffs and
12  Subclass members are entitled to attorneys' fees and costs. Pursuant to Labor Code
13  § 226(g), said Plaintiffs and Subclass members are also entitled to seek injunctive
14  relief requiring Defendants to comply with Labor Code § 226(a).

15  **FOURTH CLAIM FOR RELIEF**

16  **Failure to Provide Rest Breaks and Meal Periods**

17  **(On Behalf Plaintiffs and the California Class)**

18      66.    Plaintiffs, on behalf of themselves and the California Class, allege and
19  incorporate by reference the allegations in the proceeding paragraphs.

20      67.    California Labor Code § 512 prohibits an employer from employing
21  an employee for a work period of more than five hours per day without providing
22  the employee with a meal period of not less than 30 minutes, or for a work period
23  of more than 10 hours per day without providing the employee with a second meal
24  period of not less than 30 minutes.

25      68.    Section 11 of Wage Order No. 4 provides (and at all times relevant
26  hereto provided) in relevant part that:

27

28

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

69.     Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

70.     California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable

17

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1   IWC wage order, and provides that an employer that fails to provide an employee
2   with a required rest break or meal period shall pay that employee one additional
3   hour of pay at the employee's regular rate of compensation for each work day that
4   the employer does not provide a compliant meal or rest period.

5       71.    Defendants failed to provide Plaintiffs and California Class members
6   with meal periods as required by law, and failed to authorize and permit the
7   Plaintiffs and California Class members to take rest periods as required by law.

8       72.    Plaintiffs and the California Class members are therefore entitled to
9   payment of the meal and rest period premiums as provided by law. Additionally,
10  pursuant to Code of Civil Procedure § 1021.5, Plaintiffs and the California Class
11  are entitled to attorneys' fees and costs.

12                      **FIFTH CLAIM FOR RELIEF**

13           **Unfair Practice under the Unfair Competition Act**

14            **(On Behalf Plaintiffs and the California Class)**

15      73.    Plaintiffs, on behalf of themselves and the California Class, allege and
16  incorporate by reference the allegations in the preceding paragraphs.

17      74.    Section 17200 of the California Business and Professions Code –
18  California's Unfair Competition Law – prohibits unfair competition by prohibiting,
19  *inter alia*, any unlawful or unfair business acts or practices. The foregoing conduct
20  by Defendants, as alleged, constitutes unlawful business actions and practices in
21  violation of § 17200 *et seq.*

22      75.    Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs
23  and the California Class members are entitled to:   restitution of the overtime
24  earnings and other unpaid wages and premiums alleged herein that Defendants
25  have improperly withheld and retained during a period that commences four years
26  prior to the filing of this action; a permanent injunction requiring Defendants to
27  pay overtime and meal/rest premiums to all workers as defined herein; in

28

                                    18

1  California, an award of attorneys' fees pursuant to Code of Civil Procedure section
2  1021.5, and other applicable law; and costs.

3  **SIXTH CLAIM FOR RELIEF**
4  **Late Pay and Waiting Time Penalties**
5  **(On Behalf of Plaintiffs Boyd, Zanko, Medina, and the California Waiting**
6  **Time Penalties Subclass)**

7  76.  Plaintiffs Boyd, Zanko, and Medina, on behalf of themselves and the
8  California Waiting Time Penalties Subclass, allege and incorporate by reference
9  the allegations in the preceding paragraphs.

10  77.  California Labor Code §§ 201 and 202 require an employer to pay its
11  employees all wages due within the time specified by law. Labor Code § 203
12  provides that if an employer willfully fails to pay such wages, the employer must
13  continue to pay the subject employees' wages until the back wages are paid in full
14  or an action is commenced, up to a maximum of thirty days of wages.

15  78.  Plaintiffs and Class Members who ceased employment with
16  Defendants are entitled to unpaid compensation, but to date have not received such
17  compensation.

18  79.  More than thirty days have passed since said Plaintiffs and Subclass
19  members left Defendants' employ.

20  80.  Defendants willfully failed to pay said Plaintiffs and Subclass
21  members any overtime or any meal or rest period premiums.

22  81.  As a consequence of Defendants' willful failure to timely compensate
23  said Plaintiffs and Subclass members for all hours worked, Plaintiffs and Class
24  Members whose employment ended during the Class Period are entitled to thirty
25  days' wages under Labor Code § 203, together with interest thereon and attorneys'
26  fees and costs.

27
28

19
FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1

**PRAYER FOR RELIEF**

2      82.    WHEREFORE, Plaintiffs, on behalf of themselves and all members of

3  the Collective and California Classes, pray for relief as follows:

4               A.    That the Court determine that this action may proceed as a

5                     class action under Rule 23(b)(1) and (3) of the Federal Rules of

6                     Civil Procedure;

7               B.    That Defendants are found to have violated the overtime,

8                     meal/rest period, itemized wage statement/time records, failure

9                     to reimburse, and failure to timely pay wages penalty

10                    provisions of the California wage laws cited above as to the

11                    California Class;

12              C.    That Defendants are found to have violated the overtime

13                    provisions of the FLSA as to Plaintiff and the Collective Class;

14              D.    That Defendants are found to have violated the FLSA by

15                    failing to maintain accurate time records of all the hours

16                    worked by Plaintiff and the Collective Class;

17              E.    That Defendants' violations as described above are found to be

18                    willful;

19              F.    An award to Plaintiff and the California and Collective Classes

20                    for the amount of unpaid wages owed, liquidated damages and

21                    penalties where provided by state and federal law, and interest

22                    thereon, subject to proof at trial;

23              G.    That the Court award waiting time penalties under California

24                    Labor Code § 203.

25              H.    That Defendants be ordered and enjoined to pay restitution to

26                    Plaintiff and the California Class due to Defendants' unlawful

27                    activities, pursuant to California state law cited above;

28

I.   That Defendants further be enjoined to cease and desist from unlawful activities in violation of state laws cited above;

J.   That the Court grant declaratory relief stating that Defendants' scheme is unlawful;

K.   For an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216, California Labor Code § 1194, and/or other applicable state laws; and

L.   For such other and further relief, in law or equity, as this Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury.

DATED: May 15, 2013                    **BRYAN SCHWARTZ LAW**

By:

Bryan Schwartz (SBN 209903)

*Attorneys for Plaintiff*

21

FIRST AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

# Exhibit A

| | |
|---|---|
| 1 | **CONSENT FORM AND DECLARATION** |
| 2 | I hereby consent to join a lawsuit against Bank of America and/or LandSafe Appraisal |
| 3 | ("BofA") as a Plaintiff to assert claims against it for violations of the wage and hour laws of the |
| 4 | United States and/or the state(s) where I worked for BofA. During the past three years, there were occasions when I worked over 40 hours per week for BofA and did not receive overtime |
| 5 | compensation. |

I worked for BofA as a (please check all that apply):

☒ Production Appraiser
☒ Review Appraiser
☐ Other (Specify Title: _____ )

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____  4/1/2013
Signature                  Date

TORRY P Boyd
_____
Print Name

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

Foothill Ranch, California
_____
Location(s) Worked (City/State)

**CONSENT AND DECLARATION**

# Exhibit B

1    **CONSENT FORM AND DECLARATION**

2         I hereby consent to join a lawsuit against Bank of America and/or LandSafe Appraisal
3    ("BofA") as a Plaintiff to assert claims against it for violations of the wage and hour laws of the
     United States and/or the state(s) where I worked for BofA. During the past three years, there were
4    occasions when I worked over 40 hours per week for BofA and did not receive overtime
     compensation.
5         I worked for BofA as a (please check all that apply):
            ☒ Production Appraiser
6           ☐ Review Appraiser
7           ☐ Other (Specify Title: _____ )

8    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and
     correct to the best of my knowledge, information, and belief.
9

10        _Ethel Joann Parks_          _5-15-2013_
          Signature                    Date
11
          _ETHEL  JOANN  PARKS_
12        Print Name

13

14

15   **Fax or Mail To:**

16

17   **Bryan Schwartz Law**
     **1330 Broadway, Suite 1630**
18   **Oakland, CA 94612**
     **FAX (510) 444-9301**
19

20

21

22

23

24        _FRESNO  CA_
          Location(s) Worked (City/State)
25

26

27

28

**CONSENT AND DECLARATION**

# Exhibit C

| | |
|---|---|
| 1 | **CONSENT FORM AND DECLARATION** |
| 2 | I hereby consent to join a lawsuit against Bank of America and/or LandSafe Appraisal |
| 3 | ("BofA") as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for BofA. During the past three years, there were |
| 4 | occasions when I worked over 40 hours per week for BofA and did not receive overtime compensation. |
| 5 | I worked for BofA as a (please check all that apply): |
| 6 | ☑ Production Appraiser<br>☐ Review Appraiser |
| 7 | ☐ Other (Specify Title: _____) |
| 8 | Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief. |
| 9 | |

```
                                    Sonia Medina            05/09/2013
                                    _____     _____
                                    Signature               Date

                                    Sonia Medina
                                    _____
                                    Print Name
```

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

California: Berkeley,, Kensington, Albany,
Location(s) Worked (City/State)
El Cerrito, Richmond, Hercules, Pinole,
El Sobrante, Orinda, Moraga, Lafayette,
Walnut Creek, Concord, Pleasant Hill, Martinez
Fairfield, Vallejo, Benicia, American Canyon,
Suisun City, Piedmont, Emeryville, and
San Pablo.

**CONSENT AND DECLARATION**

# Exhibit D

**CONSENT FORM AND DECLARATION**

    I hereby consent to join a lawsuit against Bank of America and/or LandSafe Appraisal ("BofA") as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for BofA. During the past three years, there were occasions when I worked over 40 hours per week for BofA and did not receive overtime compensation.

    I worked for BofA as a (please check all that apply):

☒ Production Appraiser
☐ Review Appraiser
☐ Other (Specify Title: _____ )

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Linda Zanko          5/8/13
Signature                 Date

Linda Zanko
Print Name

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

Sonoma & Marin counties
Location(s) Worked (City/State)

CONSENT AND DECLARATION

### CERTIFICATE OF SERVICE

*Boyd, et al. v. Bank of America, et al*
Case No. 13-CV-00561 DOC-JPR

I hereby certify that on May 16, 2013, I caused the following document(s):

   1)   **Plaintiffs' First Amended Complaint**

to be served via ECF email to the following:

John A Van Hook   jvanhook@mcguirewoods.com, dcalderon@mcguirewoods.com

Matthew Charles Kane   mkane@mcguirewoods.com, revey@mcguirewoods.com, rmorrissette@mcguirewoods.com

Michael David Mandel   mmandel@mcguirewoods.com, rmorrissette@mcguirewoods.com

---

Dated: May 16, 2013      BRYAN SCHWARTZ LAW

Teal Miller
Legal Assistant
**BRYAN SCHWARTZ LAW**
1330 Broadway, Suite 1630
Oakland, California 94612
Telephone (510) 444-9300
Facsimile (510) 444-9301

ATTORNEYS FOR PLAINTIFFS

CASE NO. 13-CV-00561