1  BRYAN SCHWARTZ LAW
2  Bryan J. Schwartz (SBN 209903)
   Email: bryan@bryanschwartzlaw.com
3  William C. Weeks (SBN 289984)
   Email: bill@bryanschwartzlaw.com
4  1330 Broadway, Suite 1630
5  Oakland, CA 94612
6  Telephone: (510) 444-9300
   Facsimile: (510) 444-9301
7
8  *Attorneys for Individual and Representative*
   *Plaintiffs and the Putative Class*
9



10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 12  Terry P. Boyd, Ethel Joann Parks, Sonia Medina, Linda Zanko, and Victor Galaz, individually, and on behalf of others similarly situated, | Case No.: 13-CV-00561 DOC(JPRx) |
| | **CLASS AND COLLECTIVE ACTION** |
| 16              Plaintiffs, | **SECOND AMENDED COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF** |
| 17  vs. | 1. **Violation of Fair Labor Standards Act, 29 U.S.C. § 207** |
| 19  Bank of America Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.; and DOES 1-10, inclusive | 2. **Violation of California Labor Code §§ 510, 1194, and 1198, and IWC Wage Order(s)** |
| | 3. **Failure to Provide Itemized Wage Statements (Cal. Labor Code § 226)** |
| 23              Defendants. | 4. **Failure to Provide and/or Authorize Meal and Rest Periods (California Labor Code §§ 512, 226.7, and IWC Wage Order(s))** |
| | 5. **Violation of Cal. Business and Professions Code § 17200, *et seq.*** |
| | 6. **Waiting Time Penalties (Cal. Labor Code § 203)** |

RECEIVED
BUT NOT FILED

JUN 2 6 2013

CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION
BY                    DEPUTY

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

**7. Civil Penalties Pursuant to Labor Code Private Attorneys General Act of 2004 (Cal. Labor Code § 2698, *et seq.*) (PAGA)**

**DEMAND FOR JURY TRIAL**

## I.   PRELIMINARY STATEMENT

1.     This is a collective and class action brought by Individual and Representative Plaintiffs Terry P. Boyd, Ethel Joann Parks, Sonia Medina, Linda Zanko, and Victor Galaz on their own behalf and on behalf of the proposed Collective and California Classes identified below. Plaintiffs and the putative class members were or are employed by Defendant Bank of America Corp. and its subsidiaries LandSafe, Inc. and LandSafe Appraisal Services, Inc. (collectively, "Bank of America" or "Defendants") as Residential Appraisers and other similar positions (collectively, "Appraisers")[1] and Review Appraisers (and other similar positions).

2.     As Appraisers and Review Appraisers, Plaintiffs and the putative class members are and were non-exempt employees under federal and state wage and hour laws, and should have been classified as such and received overtime pay consistent with the requirements of these laws. These employees are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

---

[1] Upon information and belief, Plaintiffs' job titles were sometimes referred to as "Residential Appraiser" as well as "Staff Appraiser", "Staff Appraiser II" and "Senior Appraiser." The putative class includes all employees who held these titles during the relevant time periods, as well as any other employees performing the same or similar duties for Bank of America during the relevant time periods. All such employees are referred to herein as "Appraisers."

3.      The Collective Class is made of all persons who are or have been employed by Bank of America as Appraisers and Review Appraisers in the United States within three years prior to this action's filing date through the date of final disposition of this action (the "Collective Class Period").

4.      The California Class is made up of all persons who are or have been employed by Defendants as Appraisers and Review Appraisers in the State of California within four years prior to this action's filing date through the date of final disposition of this action (the "California Class Period").

5.      The California Waiting Time Penalties Subclass is made up of all California Class members who are no longer employed by Defendants and have not been employed by Defendants for more than 72 hours within three years prior to this action's filing date through the final disposition of this action.

6.      The California Itemized Wage Statement and PAGA Subclass is made up of all California Class members who are currently employed by Defendants or were employed by Defendants at some point within the year preceding the filing of the initial Complaint in this action.

7.      During the Collective Class Period and the California Class Period, Defendants failed to pay appropriate overtime compensation to each member of the Collective Class and California Class as required by federal and state law. Plaintiffs seek relief for the California Class pursuant to applicable state law, rules, regulations, and Wage Orders of the Industrial Welfare Commission ("IWC"). The relief sought is to remedy the Defendants' failure to:  pay appropriate overtime compensation, provide or authorize meal and rest periods, pay waiting time, itemized wage, and PAGA penalties, provide lawful itemized wage statements, and maintain accurate time records, in addition to restitutionary and injunctive relief.

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

## II.   THE PARTIES

8.   Individual and representative Plaintiff Terry P. Boyd resides in Orange County, California. He was hired by Countrywide Home Loans, Inc., then-owner of LandSafe Appraisal Services, Inc., as a "Staff Appraiser II" on or around September 10, 2007. When Bank of America acquired Countrywide Home Loans, Inc. on or around July 1, 2008, Mr. Boyd became an employee of Bank of America. There he continued to be a "Staff Appraiser," with his position sometimes referred to as "Residential Appraiser." He worked out of Orange County, and was affiliated with Bank of America's Ladera Ranch, California, office, until he was terminated on or about July 29, 2011. Plaintiff Boyd brings his claim on behalf of himself and the Collective and California Classes. A written consent form for Plaintiff Boyd is attached as Exhibit A.

9.   Individual and representative Plaintiff Ethel Joann Parks resides in San Joaquin County, California. She was hired by Countrywide Home Loans, Inc., then-owner of LandSafe Appraisal Services, Inc., as a Staff Appraiser in approximately October 2007. When Bank of America acquired Countrywide Home Loans, Inc. on or around July 1, 2008, Ms. Parks became an employee of Bank of America. There, she continued to be a "Staff Appraiser," with her position sometimes referred to as "Residential Appraiser." She is currently employed by Bank of America. A written consent form for Plaintiff Parks is attached as Exhibit B.

10.   Individual and representative Plaintiff Sonia Medina resides in Solano County, California. She was hired by Bank of America in April 1991. She served as a Senior Appraiser, working out of Contra Costa and Alameda Counties. She retired from Bank of America on or about June 30, 2012. A written consent form for Plaintiff Medina is attached as Exhibit C.

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

11.     Individual and representative Plaintiff Linda Zanko resides in Marin County, California. She was hired by Bank of America as a "Staff Appraiser" (also known as a Residential Appraiser) in July 2003. She worked out of Sonoma and Marin Counties. When Bank of America acquired Countrywide Home Loans, Inc. on or around July 1, 2008, Ms. Zanko became an employee of LandSafe Appraisal Services, Inc. She continued in that position until she retired from Bank of America on or about October 1, 2012. A written consent form for Plaintiff Zanko is attached as Exhibit D.

12.     Individual and representative Plaintiff Victor Galaz resides in Orange County, California. He was hired by Countrywide as a "Review Appraiser" in April 2007. When Bank of America acquired Countrywide in July 2008, Mr. Galaz became an employee of Bank of America. He worked out of Orange County. In July 2010, Mr. Galaz retired from Bank of America. A written consent form for Plaintiff Galaz is attached as Exhibit E.

13.     Upon information and belief, Defendant Bank of America Corp. is a Delaware Corporation headquartered in North Carolina that does business in and maintains offices in many states throughout the United States, including California.

14.     Upon information and belief, Defendant LandSafe, Inc. is a wholly-owned subsidiary of Bank of America Corp. Upon information and belief, Defendant LandSafe, Inc. is registered as a Delaware corporation and does business in California, where it offers a variety of real estate closing services.

15.     Upon information and belief, Defendant LandSafe Appraisal, Inc., is a wholly-owned subsidiary of Bank of America Corp. Upon information and belief, Defendant LandSafe Appraisal, Inc., is a California Corporation that performs appraisals of homes in connection with Bank of America's issuance of home loans and home loan refinancing.

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

16.     Defendants Does 1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously-named Defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the putative class members herein alleged were proximately caused by such Defendants.

17.     Plaintiffs are informed, believe, and thereon allege that each of the Defendants herein was at all times relevant to this action the agent, employee, representative partner, and/or joint venturer of the remaining Defendants and was acting within the course and scope of the relationship. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified and authorized the acts alleged herein to the remaining Defendants.

### III.    JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this case is brought under the FLSA, 29 U.S.C. §§ 207, 216(b). The representative Plaintiffs have signed consent forms to join this lawsuit, attached hereto as Exhibits A-E. This Court has original jurisdiction over all of the state and federal claims herein under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because, upon information and belief, the amount in controversy exceeds $5,000,000 and the parties are citizens of diverse jurisdictions. This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

19.     Venue is proper in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to the claims set forth herein occurred in this district.

## IV.     COLLECTIVE ACTION ALLEGATIONS

20.     Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are:

**Collective Class:**     All persons who are or have been employed by Defendants as Appraisers, including employees with the job title "Staff Appraiser" or "Residential Appraiser" and any other employee performing the same or similar duties for Defendants and Review Appraisers ("Review Appraiser;" "Senior Review Appraiser;" or positions consisting of similar job duties) within the United States at any time from three years prior to the filing of this Complaint to the final disposition of this case.

21.     Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

22.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

23.     Upon information and belief, Defendants knew that Plaintiffs and the Collective Class performed work that required overtime pay. Defendants have operated under a scheme to deprive these employees of appropriate overtime compensation by failing to properly compensate them for all hours worked.

24.     Upon information and belief, Defendants misclassified Plaintiffs and members of the Collective Class as "exempt" from federal and state overtime laws. Defendants misrepresented to these employees that they were "exempt" and

1  therefore were not entitled to overtime pay for hours worked in excess of forty a
2  week.

3      25.    Plaintiffs and the Collective Class members are not learned
4  professionals as defined by the FLSA.

5      26.    Appraisers and Review Appraisers perform no sales, *i.e.*, generate no
6  new loan business for Defendants. Rather, they conduct appraisals of properties as
7  such appraisals are assigned to them.

8      27.    Appraisers and Review Appraisers were not employed as commission
9  employees by retail establishments who are exempt under Section 7(i) of the FLSA
10  from overtime.

11      28.    The primary duties of Plaintiffs and the Collective Class consisted of
12  routine mental work, dictated by detailed guidelines enforced by Defendants. In
13  essence, Plaintiffs and the Collective Class members were required to follow a
14  detailed "checklist" and retrieve or verify required data for each appraisal they
15  produced.

16      29.    Plaintiffs and the Collective Class members are subject to productivity
17  requirements and are production workers, not administrators of Defendants'
18  general business operations or makers of Defendants' overarching policies.

19      30.    Plaintiffs and the Collective Class were or are either required to
20  produce a minimum number of "billings" each month or a minimum number of
21  reports reviewed each day, and their compensation is based on the number of
22  appraisals they produce. Residential Appraisers must produce each appraisal report
23  under Defendants' and regulatory pre-established guidelines, within a set period of
24  time ("turn time") and by a set due date for each appraisal. They are trained to
25  apply Defendants' and regulatory pre-established guidelines and procedures as
26  they find them. They are required to fill in the boxes of a company-approved form
27  with information dictated by the company, using data obtained in on-site visits and

28

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

obtained from electronic databases made available by the company. Review Appraisers are glorified proofreaders who must apply the strict and detailed guidelines to check that Residential Appraisers have correctly followed the company and regulatory established protocol. Defendants measure the performance of Appraisers and Review Appraisers by assessing their productivity and their adherence to Defendants' production or review quotas and other pre-established guidelines and procedures.

31.     To meet Defendants' quotas, and because their compensation is based on the number of appraisals they complete, Appraisers and Review Appraisers frequently are required to work far in excess of forty hours per week. Plaintiffs and those similarly situated regularly work on weekends and holidays in order to generate sufficient "billings" or minimum reviews. Plaintiff Boyd regularly worked seven days a week, amounting to sixteen to twenty-four hours of overtime per week, and worked through holidays including Thanksgiving, Christmas, and the Fourth of July. Plaintiff Parks regularly worked 12 to 14 hours per day to meet Defendants' deadlines. Plaintiff Medina regularly worked 70 to 80 hours per week, including Saturdays and Sundays. Plaintiff Zanko regularly worked at least 70 to 80 hours per week, including weekends and holidays, regularly working until midnight. Plaintiff Galaz regularly worked six days a week amounting to thirty to forty hours of overtime per week, and regularly worked through holidays.  If Plaintiffs and their fellow Appraisers and Review Appraisers took or take vacation or sick days, they had to work additional overtime during the rest of the month to make up for billings that they failed to achieve as a result of having taken vacation or sick days.

32.     In addition to the sheer number of appraisals they conducted and reviewed, Appraisers' and Review Appraisers' pay was tied to how closely they

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1  adhered to Bank of America's required standards and how quickly they turned
2  around appraisals and reviews.

3      33.    Plaintiffs and the Collective Class members lack significant discretion
4  over appraisal values they assign. Appraisal methods are dictated by regulatory and
5  industry standards. Also, Defendants' managers, who supervised Plaintiffs and
6  those similarly situated, have some discretion over appraisals, and have, upon
7  information and belief, at times required class members to alter their valuations in
8  order to ensure that the valuation results are in line with Defendants' desired final
9  valuation – *i.e.*, a valuation that will allow Defendants to sell a given loan or
10 refinancing transaction.

11     34.    Defendants' conduct, as set forth in this Complaint, was willful and in
12 bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

13     35.    Defendants are liable under the FLSA for failing to properly
14 compensate Plaintiffs and the Collective Class, and as such, notice should be sent
15 to the Collective Class. There are numerous similarly situated current and former
16 employees of Defendants who have been denied overtime pay in violation of the
17 FLSA who would benefit from the issuance of a Court-supervised notice of the
18 present lawsuit and the opportunity to join in the present lawsuit. Those similarly-
19 situated employees are known to Defendants and are readily identifiable through
20 Defendants' records.

21            V.    **CALIFORNIA CLASS ALLEGATIONS**

22     36.    Plaintiffs bring this action as a class action pursuant to Rule 23 of the
23 Federal Rules of Civil Procedure ("FRCP") on behalf of the following defined
24 class:

25     **Proposed California Class:**  All persons who are or have been employed by
26 Defendants as Appraisers, including employees with the job title "Residential
27 Appraiser" or "Review Appraiser" and any other employee performing the same

28                                    9
   ─────────────────────────────────────────────────
   SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

or similar job duties for Defendants, within the State of California at any time from four years prior to the filing of this Complaint to the final disposition of this case.

37. Plaintiffs Boyd, Medina, Zanko, and Galaz bring this action as a class action pursuant to Rule 23 of the FRCP on behalf of the following defined subclass:

**Proposed California Waiting Time Penalties Subclass:** All California Class members who are no longer employed by Defendants and have not been employed by Defendants for more than 72 hours.

38. Plaintiffs Medina, Parks, and Zanko bring this action as a class action pursuant to Rule 23 of the FRCP on behalf of the following defined subclass:

**Proposed California Itemized Wage Statement and PAGA Penalties Subclass:** All California Class members who are currently employed by Defendants or were employed by Defendants at some point within the year preceding the filing of the initial Complaint in this action.

39. Plaintiffs, on behalf of themselves and the California class, allege and incorporate by reference the allegations in the preceding paragraphs.

40. <u>Numerosity</u>: The Proposed California Class (and each of the Proposed California Subclasses) is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the relevant time period, Defendants employed hundreds of people who are geographically dispersed and who satisfy the definition of the Proposed California Class (and each of the Proposed California Subclasses).

41. <u>Typicality</u>: Plaintiffs' claims are typical of the members of the Proposed California Class. Plaintiffs are informed and believe that, like other Appraisers and Review Appraisers, they routinely worked more than eight hours per day and more than 40 hours per week during the Class Period. Plaintiffs had

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

the same duties and responsibilities as other Class members and were subject to Defendants' policy and practice of: improperly treating and classifying these employees as "exempt" from state overtime law; misrepresenting to these employees that they were exempt from state overtime law; improperly failing to pay appropriate overtime compensation for all hours worked; failing to provide or authorize meal and rest breaks in compliance with state laws; failing to maintain accurate time records of hours worked by the Proposed California Class; and failing to reimburse these employees for routine business expenses.

42.   Plaintiffs Boyd, Medina, Zanko, and Galaz are typical of the California Waiting Time Penalties Subclass, in that they, like other members of the subclass, were not paid all wages due within the time specified by the Labor Code, and are therefore entitled to Penalties.

43.   Plaintiffs Medina, Parks, and Zanko are typical of the California Itemized Wage Statement and PAGA Penalties Subclass, in that they are employed by Defendants or were so employed within one year prior to the filing of this suit, and Defendants failed to issue them accurate itemized wage statements and violated wage laws giving rise to PAGA penalties.

44.   Superiority:  A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants, and fear retaliation and blackballing in their industry. Prosecuting dozens of identical individual lawsuits statewide does not promote judicial efficiency, equity, or consistency in judicial results.

45.   Adequacy:  Plaintiffs will fairly and adequately protect the interests of the Proposed California Class, have no conflicts with the Proposed California

11

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1    Class's interests, and have retained counsel experienced in complex wage and hour

2    class and collective action litigation.

3        46.    <u>Commonality</u>:        Common questions of law and fact exist as to all

4    members of the Proposed California Class and predominate over any questions

5    solely affecting individual members of the Proposed California Class, including

6    but not limited to:

7        A.    Whether Defendants improperly classified Plaintiffs and

8              members of the Proposed California Class as exempt;

9        B.    Whether Defendants unlawfully failed to fully pay appropriate

10             overtime compensation to members of the Proposed California

11             Class in violation of state wage laws;

12       C.    Whether Plaintiffs and Proposed California Class members who

13             are no longer employed with Defendants are entitled to

14             penalties for failure to timely pay wages upon termination of

15             employment, pursuant to the applicable state laws;

16       D.    Whether Defendants' policies and practices provide and/or

17             authorize meal and rest periods in compliance with applicable

18             state laws;

19       E.    Whether Defendants failed to keep accurate time records for all

20             hours worked by the Plaintiffs and the Proposed California

21             Class in violation of state wage laws;

22       F.    Whether Defendants paid Plaintiffs and Proposed California

23             Class members for the full vacation time they earned, based, as

24             promised, on their actual hours worked, including overtime

25             hours;

26       G.    The proper measure of damages sustained by the Proposed

27             California Class; and

28
<hr>
12

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

H.     Whether Defendants' actions were "willful."

47.     Common questions of law and fact exist as to all members of the Proposed California Waiting Time Penalties Subclass, and predominate over any questions solely affecting individual members of that Subclass, including but not limited to:

> Whether Defendants' policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates the law and warrants waiting time penalties under Cal. Labor Code §§ 200, 201, 202, and 203.

48.     Common questions of law and fact exist as to all members of the Proposed California Class Itemized Wage Statement and PAGA Penalties Subclass, and predominate over any questions solely affecting individual members of that Subclass, including but not limited to:

> A.     Whether Defendants provided adequate itemized wage statements to the Plaintiff and the California Class pursuant to applicable state wage laws;
>
> B.     Whether Defendants owe penalties and attorneys' fees under PAGA for the wage violations;

49.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

50.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Proposed California Class (and each of the Proposed California Subclasses) predominate over any questions affecting only individual members of the Proposed California Class (and Subclasses), and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the Proposed California Class members the overtime pay to which they are entitled. The damages suffered by the individual Proposed California Class members are small compared to the expense and burden of individual prosecution of this litigation. Proposed California Class members fear workplace retaliation and being "blackballed" from obtaining future employment in the appraisal industry. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

51.     Plaintiffs intend to send notice to all members of the Proposed California Class to the extent required by Rule 23. The names and addresses of the members of the Proposed California Class are available from Defendants.

## FIRST CLAIM FOR RELIEF

**Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (On Behalf of Plaintiffs and the Collective Class)**

52.     Plaintiffs, on behalf of themselves and the collective class, allege and incorporate by reference the allegations in the preceding paragraphs.

53.     Plaintiffs consent in writing to be parties to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consent form is attached hereto as Exhibits A-E. Plaintiffs anticipate that other individuals will continue to sign consent forms and join as plaintiffs.

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

54. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed and continue to employ employees, including Plaintiffs and the Collective Class. At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.

55. The FLSA requires each covered employer, such as Defendants, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

56. During their employment with Defendants, within the applicable statute of limitations, Plaintiffs and the other Collective Class members worked in excess of forty hours per workweek. Despite the hours worked by Plaintiffs and the Collective Class members, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay them the appropriate overtime compensation for all the hours worked in excess of forty.

57. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the Collective Class, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq.*

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

59. Plaintiffs, on behalf of themselves and the Collective Class, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interests and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b)

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1    and 255(a), and such other legal and equitable relief as the Court deems just and

2    proper.

3         60.    Plaintiffs, on behalf of themselves and the Collective Class, seek

4    recovery of their attorneys' fees and costs to be paid by Defendants, as provided by

5    the FLSA, 29 U.S.C. § 216(b).

6                       **SECOND CLAIM FOR RELIEF**

7    **Failure to Pay Overtime Compensation in Violation of California Law**

8         **(On Behalf of Plaintiffs and the California Class)**

9         61.    Plaintiffs, on behalf of themselves and the California Class, allege and

10   incorporate by reference the allegations in the preceding paragraphs.

11        62.    At all relevant times herein, IWC Wage Order No. 4 (8 C.C.R.

12   § 11040) and California Labor Code § 510 required employers, like Defendants, to

13   pay overtime premiums for hours worked in excess of 8 in a given workday, 40 in

14   a given workweek, or on the seventh day worked in a single workweek. Pursuant

15   to California Labor Code § 1198, it is unlawful to employ persons for hours longer

16   than the hours set by the Industrial Welfare Commission ("IWC"), or under

17   conditions prohibited by the applicable wage orders of the IWC.

18        63.    Plaintiffs are informed and believe, and thereon allege, that members

19   of the Class worked in excess of eight hours per day and in excess of 40 hours per

20   week, and Defendants unlawfully failed to pay members of the Class the proper

21   overtime compensation required in violation of IWC Wage Order 4 (8 C.C.R.

22   § 11040) and California Labor Code §§ 510 and 1198. Pursuant to California

23   Labor Code § 1194, Plaintiffs and the other Class members are entitled to recover

24   their unpaid overtime compensation.

25        64.    As a direct and proximate result of Defendants' unlawful conduct, as

26   set forth herein, Plaintiffs and the California Class have sustained damages,

27   including loss of earnings for hours of overtime worked on behalf of Defendants,

28
                                    16
     SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

in an amount to be established at trial, plus damages, interest, attorneys' fees and costs.

### THIRD CLAIM FOR RELIEF

**Failure to Provide Accurate Itemized Wage Statements**

**(On Behalf of Plaintiffs Parks, Medina, and Zanko and the California Itemized Wage Statement and PAGA Penalties Subclass)**

65.    Plaintiffs Parks, Medina, and Zanko, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

66.    California Labor Code § 226(a) provides that, at the time of each payment of wages, an employer shall provide each employee with a wage statement itemizing, among other things, the total hours worked by the employee in the pay period. California Labor Code § 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with Labor Code § 226(a) may recover the greater of his or her actual damages or a penalty of $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period (up to a maximum of $4,000), in addition to attorneys' fees and costs.

67.    Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, of hours worked, to Plaintiffs Parks, Medina, and Zanko and the California Itemized Wage Statement Subclass in accordance with Labor Code § 226(a). Such failure caused injury to said Plaintiffs and Subclass members, by, among other things, impeding them from knowing the total hours worked and the amount of wages to which they are and were entitled. Said Plaintiffs and Subclass members are therefore entitled to the damages and penalties provided for under Labor Code § 226(e). Additionally, pursuant to Code of Civil Procedure § 1021.5, *inter alia,* said Plaintiffs and

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1  Subclass members are entitled to attorneys' fees and costs. Pursuant to Labor Code

2  § 226(g), said Plaintiffs and Subclass members are also entitled to seek injunctive

3  relief requiring Defendants to comply with Labor Code § 226(a).

### FOURTH CLAIM FOR RELIEF

**Failure to Provide Rest Breaks and Meal Periods**

**(On Behalf Plaintiffs and the California Class)**

7      68.     Plaintiffs, on behalf of themselves and the California Class, allege and

8  incorporate by reference the allegations in the proceeding paragraphs.

9      69.     California Labor Code § 512 prohibits an employer from employing

10  an employee for a work period of more than five hours per day without providing

11  the employee with a meal period of not less than 30 minutes, or for a work period

12  of more than 10 hours per day without providing the employee with a second meal

13  period of not less than 30 minutes.

14      70.     Section 11 of Wage Order No. 4 provides (and at all times relevant

15  hereto provided) in relevant part that:

> No employer shall employ any person for a work period of more than
> five (5) hours without a meal period of not less than 30 minutes,
> except that when a work period of not more than six (6) hours will
> complete the day's work the meal period may be waived by mutual
> consent of the employer and the employee. Unless the employee is
> relieved of all duty during a 30 minute meal period, the meal period
> shall be considered an "on duty" meal period and counted as time
> worked. An "on duty" meal period shall be permitted only when the
> nature of the work prevents an employee from being relieved of all
> duty and when by written agreement between the parties an on-the-
> job paid meal period is agreed to. The written agreement shall state
> that the employee may, in writing, revoke the agreement at any time.
>
> If an employer fails to provide an employee a meal period in
> accordance with the applicable provisions of this order, the employer
> shall pay the employee one (1) hour of pay at the employee's regular

18

rate of compensation for each workday that the meal period is not provided.

71.    Section 12 of Wage Order No. 4 provides (and at all times relevant hereto provided) in relevant part that:

> Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (31/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages. If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

72.    California Labor Code § 226.7 prohibits any employer from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order, and provides that an employer that fails to provide an employee with a required rest break or meal period shall pay that employee one additional hour of pay at the employee's regular rate of compensation for each work day that the employer does not provide a compliant meal or rest period.

73.    Defendants failed to provide Plaintiffs and California Class members with meal periods as required by law, and failed to authorize and permit the Plaintiffs and California Class members to take rest periods as required by law.

74.    Plaintiffs and the California Class members are therefore entitled to payment of the meal and rest period premiums as provided by law. Additionally, pursuant to Code of Civil Procedure § 1021.5, Plaintiffs and the California Class are entitled to attorneys' fees and costs.

19

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

## FIFTH CLAIM FOR RELIEF

### Unfair Practice under the Unfair Competition Act

### (On Behalf Plaintiffs and the California Class)

75.     Plaintiffs, on behalf of themselves and the California Class, allege and incorporate by reference the allegations in the preceding paragraphs.

76.     Section 17200 of the California Business and Professions Code – California's Unfair Competition Law – prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices. The conduct by Defendants, as alleged herein, constitutes unlawful business actions and practices in violation of § 17200 *et seq.*

77.     Pursuant to Business and Professions Code § 17200 *et seq.*, Plaintiffs and the California Class members are entitled to:  restitution of the overtime earnings and other unpaid wages and premiums alleged herein that Defendants have improperly withheld and retained during a period that commences four years prior to the filing of this action; a permanent injunction requiring Defendants to pay overtime and meal/rest premiums to all workers as defined herein; in California, an award of attorneys' fees pursuant to Code of Civil Procedure section 1021.5, and other applicable law; and costs.

## SIXTH CLAIM FOR RELIEF

### Late Pay and Waiting Time Penalties

### (On Behalf of Plaintiffs Boyd, Zanko, Medina, Galaz and the California

### Waiting Time Penalties Subclass)

78.     Plaintiffs Boyd, Zanko, Medina, and Galaz on behalf of themselves and the California Waiting Time Penalties Subclass, allege and incorporate by reference the allegations in the preceding paragraphs.

79.     California Labor Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Labor Code § 203

20

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1   provides that if an employer willfully fails to pay such wages, the employer must
2   continue to pay the subject employees' wages until the back wages are paid in full
3   or an action is commenced, up to a maximum of thirty days of wages.

4       80.   Plaintiffs and Class Members who ceased employment with
5   Defendants are entitled to unpaid compensation, but to date have not received such
6   compensation.

7       81.   More than thirty days have passed since said Plaintiffs and Subclass
8   members left Defendants' employ.

9       82.   Defendants willfully failed to pay said Plaintiffs and Subclass
10  members any overtime or any meal or rest period premiums.

11      83.   As a consequence of Defendants' willful failure to timely compensate
12  said Plaintiffs and Subclass members for all hours worked, Plaintiffs and Class
13  Members whose employment ended during the Class Period are entitled to thirty
14  days' wages under Labor Code § 203, together with interest thereon and attorneys'
15  fees and costs.

16              **SEVENTH CLAIM FOR RELIEF**
17      **Civil Penalties under Labor Code Private Attorneys General Act of 2004**
18      **(On Behalf of Plaintiffs Parks, Zanko, Medina and the California Waiting**
19                  **Time and PAGA Penalties Subclass)**

20      84.   Plaintiffs Parks, Medina, and Zanko, on behalf of themselves and the
21  California Itemized Wage Statement and PAGA Penalties Subclass, allege and
22  incorporate by reference the allegations in the preceding paragraphs.

23      85.   PAGA, Cal. Labor Code § 2698, et seq., enables a Court to award
24  civil penalties for violations of the Labor Code that, prior to the Act, could be
25  assessed and collected only by the Labor and Workforce Development Agency.

26      86.   Plaintiffs Parks, Medina, and Zanko have provided notice pursuant to
27  California Labor Code § 2699.3, and on May 24, 2013, asked the California Labor

28

---

21

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1    and Workforce Development Agency if it intended to investigate alleged Labor

2    Code violations, as set forth in the letter attached hereto as Exhibit F.

3        87.    Thirty three days have passed since the postmark date of Plaintiffs'

4    notice to the California Labor Workforce Development Agency, and the agency

5    has not provided notice to Plaintiffs regarding its intention to investigate the

6    alleged violations. As such, pursuant to California Labor Code § 2699.3(a)(2)(A),

7    Plaintiffs Parks, Medina, and Zanko have exhausted their notice requirements and

8    seek civil penalties under California Labor Code § 2698, et seq. Under California

9    Labor Code §2699.3(a)(2)(C), Plaintiffs are permitted as a matter of right to amend

10   their initial complaint to add this cause of action under PAGA.

11       88.    Accordingly, on behalf of themselves and all other Class Members

12   who have worked for Defendants at any time since one year prior to the filing of

13   the initial Complaint to the trial in this action, on behalf of the California Itemized

14   Wage Statement and PAGA Penalties Subclass (hereafter, "Subclass"), Plaintiffs

15   Parks, Medina, and Zanko allege as follows:

16       89.    California Labor Code § 558 imposes civil penalties, in addition to

17   any other civil or criminal penalty provided by law, upon any employer or other

18   person acting on behalf of an employer who violates a section of Division 2, Part 2,

19   Chapter 1 of the Labor Code or any provision regulating hours and days of work in

20   any Industrial Welfare Commission Wage Order. Pursuant to Labor Code § 558,

21   Defendants are subject to a civil penalty of (1) for an initial violation, fifty dollars

22   ($50) for underpaid Parks, Medina, and Zanko and each underpaid Subclass

23   Member for each pay period for which the employee was not paid appropriate

24   overtime premiums under Labor Code § 510, as alleged in the Second Claim for

25   Relief, in addition to an amount sufficient to recover unpaid wages; and (2) for

26   each subsequent violation, one hundred dollars ($100) for underpaid Plaintiffs

27   Parks, Medina, and Zanko and each underpaid Subclass Member for each pay

28

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1    period for which the employee was underpaid under Labor Code § 510, as alleged

2    in the Second Claim for Relief, in an addition to an amount sufficient to recover

3    underpaid wages.

4        90.    Under California Labor Code § 226.3, which provides for civil

5    penalties for violations of the California Labor Code § 226(a) in addition to any

6    other penalty provided by law, Defendants are subject to a civil penalty of two

7    hundred fifty dollars ($250) per Plaintiff (Parks, Medina, and Zanko) and each

8    Subclass Member for the first violation, and one thousand dollars ($1,000) per

9    Plaintiff (Parks, Medina, and Zanko) and each Subclass Member for each

10   subsequent violation of Labor Code § 226(a) for failure to provide timely,

11   accurate, itemized wage statements, as alleged in the Third Claim for Relief.

12       91.    Under California Labor Code § 558, described above, Defendants are

13   subject to a civil penalty of (1) for an initial violation, fifty dollars ($50) for

14   underpaid Plaintiffs Parks, Medina, and Zanko and each underpaid Subclass

15   Member for each pay period for which the employee was not provided a meal

16   period under Labor Code §512, as alleged in the Fourth Claim for Relief, in

17   addition to an amount sufficient to recover underpaid wages; and (2) for each

18   subsequent violation, one hundred dollars ($100) for underpaid Plaintiffs Parks,

19   Medina, and Zanko and each underpaid Subclass Member for each pay period for

20   which the employee was underpaid under Labor Code § 512, as alleged in the

21   Fourth Claim for Relief, in addition to an amount sufficient to recover underpaid

22   wages.

23       92.    Under California Labor Code § 2699(f)(2), described above,

24   Defendants are subject to a civil penalty of one hundred dollars ($100) for

25   Plaintiffs Parks, Medina, and Zanko and each Subclass Member per pay period for

26   the initial violation of Labor Code § 226.7 for failing to provide meal periods, as

27   alleged in the Fourth Claim for Relief, and two hundred dollars ($200) for

28

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1  Plaintiffs Parks, Medina, and Zanko and each Subclass Member per pay period for
2  each subsequent violation of Labor Code § 226.7 for failing to provide meal
3  periods, as alleged in the Fourth Claim for Relief.

4      93.    Under California Labor Code § 2699(f)(2), described above,
5  Defendants are subject to a civil penalty of one hundred dollars ($100) for
6  Plaintiffs Parks, Medina, and Zanko and each Subclass Member per pay period for
7  the initial violation of Labor Code § 226.7 for failing to provide rest periods, as
8  alleged in the Fourth Claim for Relief, and two hundred dollars ($200) for
9  Plaintiffs Parks, Medina, and Zanko and each Subclass Member per pay period for
10  each subsequent violation of Labor Code § 226.7 for failing to provide rest periods,
11  as alleged in the Fourth Claim for Relief.

12      94.    Under California Labor Code § 2699(f)(2), described above,
13  Defendants are subject to a civil penalty of one hundred dollars ($100) for
14  Plaintiffs Parks, Medina, and Zanko and each Subclass Member per pay period for
15  the initial violation of Labor Code §§ 201-203 for their failure to pay earned wages
16  upon discharge, as alleged in the Sixth Claim for Relief, and two hundred dollars
17  ($200) for Plaintiffs Parks, Medina, and Zanko and each Subclass Member per pay
18  period for each subsequent violation of Labor Code §§ 201-203, as alleged in the
19  Sixth Claim for Relief

20      95.    Under California Labor Code § 2699(g)(1), Defendants are liable for
21  attorneys' fees and costs with respect to the violations alleged herein.

22  **PRAYER FOR RELIEF**

23      96.    WHEREFORE, Plaintiffs, on behalf of themselves and all members of
24  the Collective and California Classes, pray for relief as follows:

25          A.    That the Court determine that this action may proceed as a
26          class action under Rule 23(b)(1) and (3) of the Federal Rules of
27          Civil Procedure and as a collective action under 29 U.S.C.

28

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

1        §216(b) of the FLSA;

2    B.    That Defendants are found to have violated the overtime,

3          meal/rest period, itemized wage statement/time records, and

4          failure to timely pay wages penalty provisions of the California

5          wage laws cited above as to the California Class;

6    C.    That Defendants are found to have violated the overtime

7          provisions of the FLSA as to Plaintiff and the Collective Class;

8    D.    That Defendants are found to have violated the FLSA by

9          failing to maintain accurate time records of all the hours

10         worked by Plaintiff and the Collective Class;

11   E.    That Defendants' violations as described above are found to be

12         willful;

13   F.    An award to Plaintiff and the California and Collective Classes

14         for the amount of unpaid wages owed, liquidated damages and

15         penalties where provided by state and federal law, and interest

16         thereon, subject to proof at trial;

17   G.    That the Court award waiting time penalties under California

18         Labor Code § 203;

19   H.    That the Court allow Plaintiffs to represent all injured parties

20         under PAGA and award PAGA penalties under California

21         Labor Code §2699;

22   H.    That Defendants be ordered and enjoined to pay restitution to

23         Plaintiff and the California Class due to Defendants' unlawful

24         activities, pursuant to California state law cited above;

25   I.    That Defendants further be enjoined to cease and desist from

26         unlawful activities in violation of state laws cited above;

27

28

J.      That the Court grant declaratory relief stating that Defendants'
        scheme is unlawful;

K.      For an award of reasonable attorneys' fees and costs pursuant
        to 29 U.S.C. § 216, and California Labor Code § 1194 and/or
        other applicable state laws; and

L.      For such other and further relief, in law or equity, as this Court
        may deem appropriate and just.


### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff,
individually and on behalf of all others similarly situated, demands a trial by jury.

DATED:  June 26, 2013                    BRYAN SCHWARTZ LAW

                                         By:

                                         Bryan Schwartz (SBN 209903)
                                         *Attorneys for Plaintiffs*

SECOND AMENDED CLASS AND COLLECTIVE ACTION COMPLAINT

# Exhibit A

**CONSENT FORM AND DECLARATION**

I hereby consent to join a lawsuit against Bank of America and/or LandSafe Appraisal ("BofA") as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for BofA. During the past three years, there were occasions when I worked over 40 hours per week for BofA and did not receive overtime compensation.

I worked for BofA as a (please check all that apply):
- ☒ Production Appraiser
- ☒ Review Appraiser
- ☐ Other (Specify Title: _____ )

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____    4/1/2013
Signature                        Date

Terry P Boyd
Print Name

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

Foothill Ranch, California
Location(s) Worked (City/State)

CONSENT AND DECLARATION

# Exhibit B

# CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against Bank of America and/or LandSafe Appraisal ("BofA") as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for BofA. During the past three years, there were occasions when I worked over 40 hours per week for BofA and did not receive overtime compensation.

I worked for BofA as a (please check all that apply):

☒ Production Appraiser
☐ Review Appraiser
☐ Other (Specify Title: _____ )

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____  5-15-2013
Signature                         Date

ETHEL  JOANN  PARKS
Print Name

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

FRESNO  CA
Location(s) Worked (City/State)

CONSENT AND DECLARATION

# Exhibit C

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against Bank of America and/or LandSafe Appraisal ("BofA") as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for BofA. During the past three years, there were occasions when I worked over 40 hours per week for BofA and did not receive overtime compensation.

I worked for BofA as a (please check all that apply):

☑ Production Appraiser
☐ Review Appraiser
☐ Other (Specify Title: _____ )

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_Sonia Medina_                    05/09/2013
Signature                         Date

**Sonia Medina**
Print Name

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

California: Berkeley,, Kensington, Albany,
Location(s) Worked (City/State)

El Cerrito, Richmond, Hercules, Pinole,
El Sobrante, Orinda, Moraga, Lafayette,
Walnut Creek, Concord, Pleasant Hill, Martinez
Fairfield, Vallejo, Benicia, American Canyon,
Suisun City, Piedmont, Emeryville, and
San Pablo.

CONSENT AND DECLARATION

# Exhibit D

## CONSENT FORM AND DECLARATION

  I hereby consent to join a lawsuit against Bank of America and/or LandSafe Appraisal ("BofA") as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for BofA. During the past three years, there were occasions when I worked over 40 hours per week for BofA and did not receive overtime compensation.

  I worked for BofA as a (please check all that apply):
- ☒ Production Appraiser
- ☐ Review Appraiser
- ☐ Other (Specify Title: _____ )

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_Linda Zanko_   5/8/13
Signature          Date

_Linda Zanko_
Print Name

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

_Sonoma & Marin Counties_
Location(s) Worked (City/State)

# Exhibit E

## CONSENT FORM AND DECLARATION

I hereby consent to join a lawsuit against Bank of America and/or LandSafe Appraisal ("BofA") as a Plaintiff to assert claims against it for violations of the wage and hour laws of the United States and/or the state(s) where I worked for BofA. During the past three years, there were occasions when I worked over 40 hours per week for BofA and did not receive overtime compensation.

I worked for BofA as a (please check all that apply):
- ☐ Production Appraiser
- ☒ Review Appraiser
- ☐ Other (Specify Title: _____ )

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

_____     6/7/13
Signature                                              Date

_Victor R. Galaz_
Print Name

**Fax or Mail To:**

**Bryan Schwartz Law**
**1330 Broadway, Suite 1630**
**Oakland, CA 94612**
**FAX (510) 444-9301**

_La Habra/Whittier/Orange_
Location(s) Worked (City/State)

CONSENT AND DECLARATION

# Exhibit F

# BRYAN SCHWARTZ LAW

1330 Broadway, Suite 1630, Oakland, CA 94612  |  *Tel:* 510-444-9300  |  *Fax:* 510-444-9301  |  Bryan@BryanSchwartzLaw.com  |  www.BryanSchwartzLaw.com

May 24, 2013

**VIA CERTIFIED MAIL**

California Labor & Workforce Development Agency
800 Capitol Mall, MIC-55
Sacramento, CA 95814
(916) 653-9900

RE: *Terry P. Boyd et al. v. Bank of America Corp.; LandSafe, Inc., et al.*

Dear Sir or Madam:

Our office represents the Plaintiffs, Terry P. Boyd, Ethel Joann Parks, Sonia Medin and Linda Zanko, in the above-captioned matter concerning putative class claims under California and federal law for unpaid overtime compensation, unpaid meal period pay, denied meal and rest breaks, failure to provide timely, accurate, itemized wage statements, failure to keep adequate payroll records, restitution, statutory penalties, interest, and attorneys' fees and costs against Bank of America Corp. LandSafe, Inc. and Landsafe Appraisal Services, Inc. (hereinafter "BofA"). I am writing this letter to the LWDA pursuant to the exhaustion requirements of California Labor Code Sections 2699 and 2699.3. I wrote a similar letter to you on April 8, 2013 (post-marked April 9, 2013) to inform you that my client Terry P. Boyd was planning imminently to file the afore-mentioned lawsuit. Mr. Boyd filed suit on April 9, 2013. I received a letter from you on May 1, 2013 stating that, after review, your office did not intend to investigate the allegations (LWDA No. 12813).

I am writing again now because on May 16, 2013, I filed a First Amended Complaint in this matter. The First Amended Complaint added three new named plaintiffs. It also added a claim for waiting time penalties under Labor Code § 203. My clients intend to add claims under the Private Attorney General Act ("PAGA"). The purpose of my letter is to find out whether LWDA intends to investigate my clients' allegations of violations of California Labor Code §§ 200-203, 226, 226.3, 226.7, 510, 512, 517, 1194, 1198, Industrial Welfare Commission Wage Order No. 4, Business and Professions Code § 17200 *et seq.*, and CCP § 1021.5. The following is a very brief summary of my client's allegations against BofA. Because these allegations are identical to the allegations described in my prior letter, based upon which your office indicated that it did not intend to investigate the allegations, I would be grateful if you would process this letter on an expedited basis, if possible.

This is an action for relief from Defendants' unlawful misclassification of its residential property appraisers as exempt from overtime requirements. BofA sells loans and refinancings secured by residential properties. BofA employs or employed Plaintiffs and other similarly situated appraisers to perform appraisals of the property serving as security as part of the loan or

refinancing process. Performing the appraisals requires routine mental work, a visit to the property in question, and the gathering of data and entry of such data into a standardized report, in accordance with Defendants' detailed instructions. Defendants essentially pay Plaintiffs and others on a per-appraisal basis, with a minimum required number of monthly appraisals (or "billings"). Plaintiffs and other appraisers routinely work or worked in excess of eight hours per day and forty hours per week. Plaintiffs and other appraisers play no sales roles whatsoever — they simply appraise the properties that Defendants assign to them. Plaintiffs and others similarly situated are non-exempt employees under California law. Plaintiffs challenge Defendants' policy of willfully and unlawfully misclassifying these appraisers as exempt and thereby refusing to pay them overtime or to provide meal and rest periods, among other violations.

Thank you for your assistance and cooperation in this matter. Please contact the undersigned if you have any questions. We look forward to your response at your earliest convenience.

Sincerely,

Bryan J. Schwartz, Esq.

**cc:** (by certified mail)

CT Corporation System
  as Registered Agent for Bank of America Corp.
818 W. Seventh St.
Los Angeles CA 90017

CT Corporation System
  as Registered Agent for LandSafe Appraisal Services, Inc.
818 W. Seventh St.
Los Angeles CA 90017

CT Corporation System
  as Registered Agent for LandSafe, Inc.
818 W. Seventh St.
Los Angeles CA 90017