UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES – GENERAL

Case No.  SACV 13-0561-DOC (JPRx)                              Date: December 11, 2013

Title: TERRY P. BOYD, ET AL. V. BANK OF AMERICA CORP., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | N/A |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER GRANTING IN PART PLAINTIFF'S MOTION**

Before the Court is a Motion to Certify Conditional Class (Dkt. 44) and for Partial Summary Judgment filed by Plaintiffs Terry P. Boyd, Ethel Joann Parks, Sonia Medina, Linda Zanko, and Victor Galaz ("Plaintiffs").  After considering the moving, opposing and replying papers, and after hearing oral argument by counsel, the Court hereby GRANTS IN PART Plaintiffs' Motion and CONDITIONALLY CERTIFIES the class. Because Plaintiffs' arguments in favor of partial summary judgment are premature, the Court DENIES them without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0561 (JPRx)            Date: December 11, 2013
                                                                                  Page 2

### I.     Background

Plaintiffs allegedly were or are employed by Bank of America Corp. ("BoA") or its subsidiaries Defendants LandSafe, Inc. and/or LandSafe Appraisal Services (collectively, "Defendants") as Residential Staff Appraisers or Review Appraisers (together, "Appraisers").

Staff Appraisers perform appraisals on residential properties and generate reports for their employer providing the estimated value of properties, while Review Appraisers review the work of Staff Appraisers and confirm their appraisals. Among other unlawful employment practices, Plaintiffs alleged that they regularly worked in excess of eight hours per day and forty hours per week without overtime compensation from Defendants. As a result, Plaintiffs filed a class action suit against Defendants on April 9, 2013, on behalf of themselves and "persons similarly situated."

In Plaintiffs' Second Amended Complaint ("SAC") (Dkt. 42), Plaintiffs define those similarly situated, or its class (the "FLSA Class."), as

> All persons who are or have been employed by Defendants as Appraisers, including employees with the job title "Residential Staff Appraiser," "Staff Appraiser" or "Residential Appraiser" and any other employee performing the same or similar duties for Defendants, and as "Review Appraisers," and any other employee performing the same or similar duties for Defendants, within the United States at any time from three years prior to the filing of this Complaint to the final disposition of this case.

SAC ¶ 20.

Plaintiffs allege that Appraisers perform the same or similar job duties, are paid by Defendants according to a nationwide policy, tend to work in excess of forty hours per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-0561 (JPRx)                      Date: December 11, 2013
                                                                                                                                                              Page 3

---

week, and "all were classified as exempt and not paid overtime wages." Mot. at 3. Though Appraisers may vary in experience, geography, and, as between Staff Appraisers and Review Appraisers, specific job duties, Plaintiffs allege that all are uniformly compensated according to company-wide formulas based on production levels, as determined by the number of appraisal reports that Appraisers produce or review each month. Plaintiffs allege that although Defendants encouraged them to work long hours, they were not compensated by Defendants for their overtime work.

## II.    LEGAL STANDARD: CERTIFICATION OF FLSA COLLECTIVE ACTION

The FLSA prohibits an employer from failing to pay overtime wages to an employee. 29 U.S.C. § 207(a). The statute provides that an aggrieved employee may bring a collective action on behalf of herself and other employees "similarly situated" based on an employer's failure to pay such wages. *Id*. § 216(b). Potential collective action plaintiffs must "opt-in" to the action by filing a written consent with the court. *See Id*. (stating that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought"); *Does I through XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1064 (9th Cir. 2000). If similarly situated employees do not "opt-in" to the collective action, these employees are not bound by any judgment reached in the action. *Leuthold v. Destination Am., Inc*., 224 F.R.D. 462, 466 (N.D. Cal. 2004).

In determining whether to certify a collective action under the FLSA, a district court must determine if the proposed class is "similarly situated" to the lead plaintiff. A majority of courts have adopted a two-step approach, and this Court utilizes the two-tiered case-by-case approach outlined below. *See id.* (citing district courts adopting the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-0561 (JPRx)                          Date: December 11, 2013
                                                                                                                  Page 4

two-step approach and following that approach); *Misra v. Decision One Mortgage Co., LLC*, 673 F. Supp. 2d 987, 992 (C.D. Cal. 2008) (same); *Pfohl v. Farmers Ins. Group*, No. CV 03-3080 DT (RCx), 2004 WL 554834, at *2 (C.D. Cal. Mar. 1, 2004) (same).

       Under the two-step approach, a district court first determines, based on the submitted pleadings and affidavits, whether the proposed class should be conditionally certified and notified of the action. *Leuthold*, 224 F.R.D. at 467. Since this first determination is generally made before the close of discovery and is based on a limited amount of evidence, the courts apply a fairly lenient standard and typically grant conditional class certification. *Id.*; *Pfohl*, 2004 WL 554834, at *2. The standard applied is less rigorous than the commonality requirement of Rule 23. *Church v. Consolidated Freightways, Inc.*, 137 F.R.D. 294, 306 (N.D. Cal. 1991).

       The second tier in this approach occurs after discovery is complete, at which time the defendants may move to decertify the class. *Leuthold*, 224 F.R.D. at 467. At that point, the court makes a factual determination about whether the plaintiffs are similarly situated. *Pfohl*, 2004 WL 554834, at *2 (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001)). If the district court determines that the plaintiffs are not similarly situated, the court may decertify the class and dismiss the opt-in plaintiffs without prejudice. *Leuthold*, 224 F.R.D. at 467. The instant order only addresses first-tier concerns.

### III. DISCUSSION

       The Court conditionally certifies the "FLSA Class" because, as discussed below, it finds that Plaintiffs have met their burden.

#### A. FLSA Conditional Certification

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.  SACV 13-0561 (JPRx)                                     Date: December 11, 2013
                                                                                           Page 5

To satisfy the initial step of FLSA class certification, a plaintiff need only make "a modest factual showing sufficient to demonstrate that [she] and potential plaintiffs together were victims of a common policy or plan that violated the law." *Misra*, 673 F. Supp. at 993 (quoting *Roebuck v. Hudson Valley Farms, Inc.*, 239 F. Supp. 2d 234, 238 (N.D.N.Y. 2002); *Realite v. Ark Rests. Corp.*, 7 F. Supp 2d 303, 306 (S.D.N.Y. 1998)). In making this showing, "plaintiffs must show that there is some factual basis beyond the mere averments in their complaint for the class allegations." *Adams v. Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007).

The Court finds that Plaintiffs have met their burden in showing that they are similarly situated to the class under the "lenient" standard for conditional class certification.  As stated in the declarations of twelve different Staff Appraisers, their duties are standard, they use the same standardized forms in performing their appraising duties, they produce the same standardized appraisal reports, they follow the same standard procedures, they use the same BoA interal software and electronic appraisal communication system, they face the same hiring standards, and they are all compensated under the same compensation plan. *See* Mot. at 3-11.  Similarly, Plaintiffs present the declarations of two Review Appraisers to show that they perform similar duties, use the same internal systems and software, face the same standard procedures, and are compensated under the same compensation plan.  *See id.*

Based on Plaintiffs' declarations, Defendants established a nationwide policy that encouraged Appraisers to work long hours to meet performance demands and, consequently, have produce and review more reports.  This policy, coupled with the declarations by Plaintiffs that they were not paid for working overtime hours, is thus sufficient to find "a modest factual showing sufficient to demonstrate that [she] and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-0561 (JPRx)                    Date: December 11, 2013
                                                                                  Page 6

potential plaintiffs together were victims of a common policy or plan that violated the law." *Roebuck*, 239 F. Supp. 2d at 238 (N.D.N.Y. 2002) (citations omitted).

The Court again reiterates the lenient standard plaintiffs are held to for purposes of conditional FLSA class certification.  Job titles and duties alone do not determine whether potential plaintiffs are "similarly situated" for purposes of a collective action under the FLSA.  *Roebuck*, 239 F. Supp. 2d at 238.  *See also* Delgado v. Ortho-McNeil, No. SA CV 07-263 CJC MLGX, 2007 WL 2847238, at *2 (C.D. Cal. Aug. 7, 2007). Consequently, although Defendants in their opposition argue at length about how there is no true, typical "Appraiser," this argument is not dispositive for determining whether Plaintiffs are similarly situated.[4]  Rather, as stated above, plaintiffs are deemed "similarly situated" for the purpose of conditional FLSA class certification when they "were victims of a common policy or plan that violated the law."  *Id*.

Similarly, Defendants' argument that class members will be subject to individualized defenses (including binding arbitration clauses, job-specific duties, and educational diversity) "does not overcome the modest factual showing met by Plaintiffs of showing similar situations" between the Appraisers. *Misra*, 673 F. Supp. at 996.  "At the notice stage, Plaintiffs need not show that their positions were identical to the putative class members' positions." *Id.* (quoting *Delgado v. Ortho–McNeil,* 2007 WL 2847238, at *2 (C.D.Cal. Aug. 7, 2007) (citing *Freeman v. Wal–Mart Stores, Inc.,* 256 F.Supp.2d 941, 945 (W.D.Ark.2003)). Plaintiffs allege that Defendants improperly classified all Appraisers as exempt for the purposes of overtime compensation. Defendants do not

---

[4]Consideration of the factual distinctions between the plaintiff and class members is appropriate in the second tier analysis of class certification upon a motion by defendant to de-certify the conditionally certified class. *Leuthold*, 224 F.R.D. at 467.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-0561 (JPRx)                                           Date: December 11, 2013
                                                                                                               Page 7

appear to dispute that all Appraisers are exempt.  *See* Opp'n at 14 ("Plaintiffs and the putative collective members are exempt from overtime pay based on the administrative exemption.")  "It is somewhat disingenuous, then, for Defendants to argue that they should be permitted to treat all [plaintiffs] as one group for purposes of classifying them as exempt, but that this Court can only determine the validity of that classification by looking to the specific job duties of each individual sales representative." *Misra*, 673 F. Supp 2d at 996.  "Defendant cannot, on the one hand, argue that [plaintiffs] are exempt from overtime wages and, on the other hand, argue that the Court must inquire into the job duties of each [plaintiff] in order to determine whether that individual is 'exempt'." *Id*.  Defendants' arguments are "better suited for the more stringent second step of the § 216(b) collective action certification analysis." *Edwards v. City of Long Beach,* 467 F.Supp.2d 986, 990 (C.D. Cal. Dec. 12, 2006).

      **B. Notice**

      If conditional class certification is granted, the district court may authorize the named plaintiff to send written notice to all potential plaintiffs and set a deadline for those plaintiffs to opt-in to the suit.  *Leuthold*, 224 F.R.D. at 466.

      Defendants argue that Plaintiffs' proposed class, which extends back three years based on Plaintiffs' allegations of willful FLSA violations instead of two years based on the general statute of limitations, should be limited to two years.  However, "[w]here the issue of willfulness is disputed, district courts often conditionally certify the three-year period upon a preliminary showing, and reserve final ruling on the issue until later in the litigation." *Ramirez v. Ghilotti Bros. Inc.*, 2013 WL 1786636, at *6 (N.D. Cal. Apr. 25, 2013) (citing cases); *see also Misra*, 673 F. Supp. 2d at 998-99 (conditionally certifying class based upon three-year statute of limitations); *Delgado v. Ortho-McNeil, Inc.*, 2007

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No.  SACV 13-0561 (JPRx) | Date: December 11, 2013 |
| | Page 8 |

WL 2847238, at *4 (C.D. Cal. Aug. 7, 2007) (declining to impose two-year limitation because "Plaintiffs have alleged that Defendants' conduct was willful, and at this stage, there is not sufficient evidence to show that such an allegation would fail as a matter of law"); *Williams v. U.S. Bank Nat'l Ass'n*, 2013 WL 3119055 (E.D. Cal. June 20, 2013) (imposing three-year period for notice, observing that "Defendant offers no citation to any authority, nor any explanation for why a motion for conditional certification should include substantive evidence of a willful violation").

Defendant also argues that nationwide notice is improper. However, the Court finds that Plaintiffs have presented a diverse enough set of declarations describing a nationwide policy to justify the conditional certification of a nationwide class. *See Daniels v. Aeropostale W., Inc.*, 2013 WL 1758891, at *1 (N.D. Cal. Apr. 24, 2013) (granting notice to nationwide FLSA class when "Defendants use a uniform payroll system for all of their employees nationwide that calculates the employees' rate of pay, hours worked, and earnings paid").

The Court finds that a 90-day notice period, with a reminder as requested by Plaintiffs, is proper for a conditional class of this size. *See Gee v. Suntrust Mortg., Inc.,* 2011 WL 722111, at *4 (N.D. Cal. 2011) (90-day notice period for mortgage underwriters in an FLSA collective action and authorizing Plaintiffs' counsel to "mail a reminder notice forty-five days after issuance of the first notice"); *Adams*, 242 F.R.D. at 542 (approving a 90-day notice period, noting that "[t]hirty days is too short in light of the number of potential plaintiffs").

The Court does, however, order Plaintiff to include a statement regarding the Court's neutrality under the caption of the Proposed Notice.

### C. Summary Judgment

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  SACV 13-0561 (JPRx)            Date: December 11, 2013
                                                                                         Page 9

The Court finds that Plaintiffs arguments in favor of partial summary judgment on the issue of Appraisers' exempt status is premature and is properly determined after further discover and on the motion cutoff date set by this Court at the parties' Scheduling Conference.  Accordingly, Plaintiffs' motion is DENIED without prejudice as to that issue.

## IV. DISPOSITION

Because the Court finds that Plaintiffs have met their burden of the first tier of the two-tiered determination of FLSA class certification, the Court GRANTS Plaintiffs' Motion for Conditional FLSA Certification.  The Court additionally orders the Plaintiffs amend their proposed Notice in accordance with this Order and submit a new Proposed Notice (including a statement of the Court's neutrality) on or before December 23, 2013.

The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

MINUTES FORM 11
CIVIL-GEN                                                                                    Initials of Deputy Clerk: jcb

{13-561 Terry Boyd v Bank of AmericaGRANTING conditional class cert;1 }