BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
bryan@bryanschwartzlaw.com
William C. Jhaveri-Weeks (SBN 289984)
bill@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

SCHONBRUN DESIMONE SEPLOW
 HARRIS & HOFFMAN LLP
Wilmer J. Harris (SBN 150407)
wharris@sdshhlaw.com
715 Fremont Ave.
S. Pasadena, CA 91030
Telephone: (310) 396-0731
Facsimile: (310 399-7040
[Additional counsel on following page]
*Attorneys for Individual and Representative Plaintiffs and the Putative Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Terry P. Boyd, Ethel Joann Parks, Sonia Medina, Linda Zanko, and Victor Galaz individually, on behalf of others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>Bank of America Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.; and DOES 1-10, inclusive<br><br>Defendants. | Case No.: 13-CV-00561 DOC (JPRx)<br><br>**DECLARATION OF PLAINTIFF VICTOR GALAZ IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PARTIAL CLASS ACTION SETTLEMENT**<br><br>Date:   May 12, 2014<br>Time:  8:30 a.m.<br>Place:  Courtroom 9D, Santa Ana<br>Hon. David O. Carter |

SCHONBRUN DESIMONE SEPLOW
 HARRIS & HOFFMAN, LLP
Benjamin Schonbrun (SBN 118323)
bschonbrun@sdshhlaw.com
Michael D. Seplow (SBN 150183)
mseplow@sdshhlaw.com
723 Ocean Front Walk
Venice, CA 90291
Telephone: (310) 396-0731
Facsimile: (310 399-7040

*Attorneys for Individual and Representative*
*Plaintiffs and the Putative Class*

* * * * * * * * * * * * * * * * *

I, Victor Galaz, declare:

1. I am a Plaintiff in the above-referenced matter, over 18 years of age, and competent to testify. I submit this declaration in connection with the Settlement Agreement provision awarding me a Class Representative service payment of $15,000.

2. Before I signed up to be a representative of the Class, my attorneys explained to me what was involved in being a Class Representative. Since agreeing to serve, I believe I have diligently fulfilled my Class Representative obligations, and was instrumental in achieving the relief obtained for the Class.

3. Prior to agreeing to become a Class Representative, I consulted my family and have done so throughout the process, to ensure that this was what was best for my family and me. These were stressful discussions and it was a hard decision to make. Instrumental in my decision to go forward was my desire to provide better opportunities for present and future Bank of America / LandSafe ("BofA") Review Appraisers.

4. I estimate that I have spent approximately 75 hours of my time on this litigation to date. Among other activities, I have spent my time: researching my rights; speaking extensively with Plaintiffs' counsel on the telephone over the course of nearly

1

1

GALAZ DECL. IN SUPP. OF PLAINTIFFS' MOTION FOR PARTIAL CLASS ACTION SETTLEMENT, 13-CV-00561 DOC (JPRx)

a year in order to assist them with their understanding of the facts in this case – particularly, the job duties and manner of compensation of Review Appraisers and the qualifications necessary to work as a Review Appraiser for BofA; discussing with Plaintiffs' Counsel the Requests for Production of Documents that were served on me by Defendants, searching for electronic and hard copy documents called for by those requests and providing those documents to Plaintiffs' Counsel; attending multiple in-person preparation sessions with Plaintiffs' Counsel over the course of several days in advance of my deposition; spending a full day being deposed by BofA's attorneys; and reviewing and correcting the transcript of my deposition.

5. In order to attend my deposition, I had to take one full day off of work as an independent fee review appraiser. As a result, I estimate that I lost approximately $600. In addition, I spent several partial days either meeting with my counsel to prepare for my deposition or driving documents to my counsel's office in order to respond to document requests. On each of those days, I was able to complete fewer fee assignments than I would otherwise have completed. I would estimate that I lost several hundred dollars on each of those days. Therefore, in total, I believe I lost roughly $1400 in income in order to be deposed and to provide relevant documents to my lawyers.

6. From the outset, I was concerned about where I would find the necessary time required to act as a representative in this litigation, and how that could affect my personal and professional life.

7. In addition to the time I have spent on this matter and income forgone to serve the Class, this case has had a significant impact on me emotionally, and I have been fearful that it would impact my career. The appraisal business community is a tight-knit one, and I was, and am, worried that my role as the Class Representative for Review Appraisers could negatively impact my potential future employment opportunities and my relationships with friends and former managers from BofA and other people whom I know in the appraisal community. I believe in general that being blackballed in the industry is a very real concern as a result of this litigation. Everyone

in the industry is familiar with BofA / LandSafe, and I expect that this litigation will be widely known. As the Class Representative for the Review Appraisers, I worry that my chances of being hired by future employers will be diminished. In addition, for an appraiser to do appraisal work on his own (so-called "independent fee" work), he or she must rely heavily on being included on fee appraiser "panels" by large mortgage sellers, such as BofA, in order to obtain work. I fear that BofA, and possibly other large mortgage providers, will refrain from placing me on their fee panels. The $15,000 service payment sought goes some way toward compensating for this justified fear.

8. I have suffered sleepless nights worrying about how my reputation has been affected by this suit, and similar concerns.

9. By serving as the sole named Plaintiff for the Review Appraiser class, I took a chance that other Class Members did not take. As a result of my stepping forward, several hundred Review Appraisers across the country will receive a sizeable settlement payment to compensate them for claims for unpaid wages and penalties. I think that $15,000 is a fair amount for my service to the Class in representing the Class.

I certify under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

April _7_, 2014
_La Habra_, CA

Victor Galaz