BRYAN SCHWARTZ LAW
Bryan J. Schwartz (SBN 209903)
bryan@bryanschwartzlaw.com
Rachel M. Terp (SBN 290666)
rachel@bryanschwartzlaw.com
Eduard R. Meleshinsky (SBN 300547)
eduard@bryanschwartzlaw.com
1330 Broadway, Suite 1630
Oakland, CA 94612
Telephone: (510) 444-9300
Facsimile: (510) 444-9301

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
Wilmer J. Harris (SBN 150407)
wharris@sdshhlaw.com
Isabel M. Daniels (SBN 270887)
idaniels@sdshhlaw.com
715 Fremont Ave.
S. Pasadena, CA 91030
Telephone: (626) 441-4129
Facsimile: (626) 399-7040

[Additional counsel on following page]
*Attorneys for Individual and Representative Plaintiffs and the Putative Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

| | |
|---|---|
| Terry P. Boyd, Ethel Joann Parks, Sonia Medina, and Linda Zanko, individually, and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Bank of America Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.; and DOES 1 to 10, inclusive,<br><br>Defendants. | CASE NO. SACV13-00561-DOC (JPRx)<br><br>**DECLARATION OF MICHAEL D. SEPLOW IN SUPPORT OF JOINT STIPULATION RE CLASS MEMBERS AND SETTLEMENT ALLOCATION** |

SCHONBRUN DESIMONE SEPLOW
HARRIS & HOFFMAN LLP
Benjamin Schonbrun (SBN 118323)
schonbrun.ben@gmail.com
Michael D. Seplow (SBN 150183)
mseplow@gmail.com
Aidan C. McGlaze (SBN 277270)
amcglaze.sdshhh@gmail.com
723 Ocean Front Walk
Venice, CA 90291
Telephone: (310) 396-0731
Facsimile: (310) 399-7040

*Attorneys for Individual and Representative Plaintiffs and the Putative Class*

**DECLARATION OF MICHAEL D. SEPLOW IN SUPPORT OF JOINT STIPULATION RE CLASS MEMBERS AND SETTLEMENT ALLOCATION**

I, Michael D. Seplow, declare as follows:

1. I am an attorney-at-law and a partner with the firm Schonbrun DeSimone Seplow Harris & Hoffman LLP ("SDSHH") and am counsel of record for Plaintiffs in the instant action. The facts set forth in this declaration are true and of my own personal knowledge, and if called as a witness, I could and would testify competently under oath to the facts set forth herein. I am a member of the State Bar of California and am admitted to practice before this Court. This declaration is submitted in support of the parties' Joint Stipulation re Class Members and Settlement Allocation.

2. On September 28, 2015, the Court granted preliminary approval of the $36,000,000 non-reversionary settlement of the claims of the review appraiser class ("the Class") [Dkt. 371]. As described in the Motion for Preliminary Approval [Dkt. 354] and supporting declarations and documents, including Paragraph 9 of my prior declaration [Dkt. 356] ("Seplow MPA Declaration"), the proposed settlement formula is primarily based on Defendants' payroll and appraisal data for the Class and the results of a joint survey regarding the average amount of it takes to perform various appraisals.

3. As set forth in the Motion for Preliminary Approval [Dkt. 354] and supporting declarations and documents, counsel for Plaintiffs and Defendants have been working with Plaintiffs' expert, Dr. Brian Kriegler, to confirm the accuracy of the transaction and payroll data which will be used to calculate the settlement allocation to the Class and to confirm who is a member of the Class. As a result of reviewing this data, it has been determined that Kim Douglas, who was provided with Class Notice of the California Rule 23 class action in June 2014, did not perform the duties of a Staff Appraiser during the relevant time period and does not have sufficient transaction data to be considered a class member according to the theories and claims alleged by Plaintiffs in this lawsuit; and as a result, and the

parties agree that Kim Douglas should never have been included as a member of the Class and will not be a party to, or bound by, the settlement in this case. Upon Court approval of this stipulation, counsel will contact Kim Douglas to inform her that she is not part of the Class and is not bound by the settlement in this case.

4. As a result of reviewing the data and including agreed upon late opt-ins, the parties have confirmed that there are 368 Class Members (instead of 365 as mentioned in the Motion for Preliminary Approval and the estimated 367 Class Members referenced in the Settlement Agreement);

5. Further, during the course of reviewing the transaction data, counsel for Plaintiffs along with Dr. Kriegler noticed that there was a wide variance between those class members receiving the highest settlement payments and those receiving the lowest. Utilizing the transaction and survey data generates an accurate *average* amount of time it takes to complete various appraisals. Nonetheless if the distributions are based solely on the average time it takes to complete appraisals, it may tend to favor people with more appraisal transactions who are perhaps more efficient and complete more appraisals per day compared to others who are less efficient. In order to account for this variation, counsel for Plaintiffs decided to factor in the number of work weeks each appraiser worked during the Class Period to arrive at more equitable distribution. We believe that is also consistent with the testimonial evidence in the case regarding the hours appraisers worked and also with the notion that employees are paid for the time that they worked (and not just on how many appraisals they completed). As a result of using this slightly revised formula (described below) there is less of a difference between the lowest and highest settlement amounts. In particular, under the prior formula, the proposed settlement amounts ranged from approximately $343,000.00 to $110.00 while under the revised proposed formula, the projected settlements are more evenly distributed among the class members and range from approximately $249,000 to $1,800.00.

6. Specifically, in calculating each Class Member's Net Pro Rata Share of the Settlement, the formula set forth in Paragraph 9 of the Seplow MPA Declaration is modified as follows: Each class member will be allocated $100 for each work week during the Class Period in which they were employed by Defendants as a residential appraiser. The aggregate of this allocation (approximately $7,400,000) is then deducted from the approximate Net Settlement Amount ($23,000,000) and this amount (approximately $15,600,000) will be used to calculate the remaining amounts due to each class member using the average time to complete the appraisals from the survey and the Defendants' transaction data. These calculations will be made using the formula set forth in Paragraph 9 of the Seplow MPA Declaration and the Settlement Agreement to arrive at an allocation for each Class Member which is based on their transaction data and the number of workweeks within the class period.

7. Attached hereto as Exhibit A is a revised Notice to the Class, which incorporates these proposed changes.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed on October 9, 2015, in Venice, California.

By: *s/ Michael D. Seplow*
_____
Michael D. Seplow

---

**DECLARATION OF MICHAEL D. SEPLOW IN SUPPORT OF JOINT STIPULATION RE CLASS MEMBERS AND SETTLEMENT ALLOCATION**

3

# EXHIBIT A

«ClaimID»

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| TERRY P. BOYD, ETHEL JOANN PARKS, SONIA MEDINA, LINDA ZANKO, and VICTOR GALAZ, individually, on behalf of all others similarly situated, and on behalf of the general public,<br><br>Plaintiffs,<br><br>v.<br><br>BANK OF AMERICA CORP.; LANDSAFE, INC.; LANDSAFE APPRAISAL SERVICES, INC.; and DOES 1-10, inclusive<br><br>Defendants. | Case No. 13-CV-00561 DOC (JPRx)<br><br>**NOTICE OF CLASS AND COLLECTIVE ACTION SETTLEMENT TO STAFF APPRAISERS**<br><br>Honorable David O. Carter |

## IMPORTANT NOTIFICATION TO CLASS AND COLLECTIVE ACTION MEMBERS

**TO:** ALL INDIVIDUALS WHO HAVE BEEN EMPLOYED AS A STAFF APPRAISER BY BANK OF AMERICA CORPORATION, LANDSAFE, INC., AND/OR LANDSAFE APPRAISAL SERVICES, INC. IN CALIFORNIA AT ANY TIME BETWEEN APRIL 9, 2009 AND SEPTEMBER 28, 2015 AND WHO HAVE NOT PREVIOUSLY EXCLUDED THEMSELVES FROM THE CERTIFIED CLASS IN THE ABOVE-REFERENCED LAWSUIT; AND

ALL INDIVIDUALS WHO HAVE BEEN EMPLOYED AS A STAFF APPRAISER BY BANK OF AMERICA CORPORATION, LANDSAFE, INC., AND/OR LANDSAFE APPRAISAL SERVICES, INC. AT ANY TIME BETWEEN APRIL 9, 2010 AND SEPTEMBER 28, 2015 AND WHO HAVE FILED CONSENTS TO JOIN THE ABOVE-REFERENCED LAWSUIT

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

**THE DEFENDANTS IN THE ABOVE-REFERNCED LAWSUIT HAVE AGREED TO CREATE A $36 MILLION SETTLEMENT FUND TO PAY CLAIMS OF STAFF APPRAISER CLASS MEMBERS IN ORDER TO SETTLE A WAGE AND HOUR LAWSUIT.**

**ACCORDING TO COMPANY RECORDS, YOU (A) ACTIVELY WORKED AS A STAFF APPRAISER IN CALIFORNIA BETWEEN APRIL 9, 2009 AND SEPTEMBER 28, 2015 AND, ACCORDING TO THE RECORDS OF A THIRD-PARTY ADMINISTRATOR, DID NOT EXCLUDE YOURSELF FROM THE CLASS CERTIFIED IN THE ABOVE-REFERENCED LAWSUIT AND/OR (B) ACTIVELY WORKED AS A STAFF APPRAISER AFTER APRIL 9, 2010 AND, ACCORDING TO COURT RECORDS, HAVE FILED AND NEVER WITHDRAWN A CONSENT TO JOIN THE ABOVE-REFERENCED LAWSUIT.**

**YOUR ANTICIPATED MINIMUM ALLOCATION OF THE SETTLEMENT IS $«ESTAMT» BASED ON COMPANY RECORDS OF YOUR INDIVIDUAL APPRAISAL REPORT PRODUCTION HISTORY, PAYROLL RECORDS, WORK WEEKS WITHIN THE CLASS PERIOD, AND THE FORMULA ARRIVED AT BY THE PARTIES.**

- The settlement will provide $36 million to pay claims of current and former staff appraisers who worked for Bank of America Corporation, LandSafe, Inc., and/or LandSafe Appraisal Services, Inc. (collectively, "LandSafe") in California between April 9, 2009 and September 28, 2015 who did not exclude themselves from the certified class in the lawsuit, and/or who worked as a staff appraiser between April 9, 2010 and September 28, 2015 and filed a consent to join the lawsuit.

- The settlement resolves claims of staff appraisers in a lawsuit that alleged causes of action against LandSafe for: (1) failure to pay overtime wages under federal and California law; (2) failure to pay earned wages upon discharge under California law; (3) failure to provide timely, accurate, itemized wage statements under California law; (4) failure to provide and/or authorize meal and rest periods under California law; (5) unlawful and/or unfair business practices in violation of California Business and Professions Code; and (6) penalties under the California Labor Code Private Attorneys General Act of 2004.

- LandSafe denies that it is liable for any of the claims. However, in light of the risk, expense, and delay of proceeding to trial and potentially litigating an appeal of pre-trial rulings and the trial outcome, both LandSafe and Class Counsel for the Plaintiffs believe that this is a fair settlement of the staff appraisers' claims.

| YOUR OPTIONS AND LEGAL RIGHTS IN THIS SETTLEMENT | |
|---|---|
| **DO NOTHING AND RECEIVE A SETTLEMENT PAYMENT** | If you do nothing, you will receive a settlement payment equal to or greater than your "minimum allocation" stated above, assuming that the Court approves the settlement. The minimum allocation is based on the number and types of appraisals you completed, your payroll records and the number of weeks you worked within the relevant period. If you do nothing, a check will arrive in the mail. The back of the check will explain that by cashing the check, you are agreeing to release all claims covered by this Settlement, and will be releasing your claims under the federal Fair Labor Standards Act. |
| **EXCLUDE YOURSELF** | If you affirmatively write to exclude yourself (*i.e.*, "opt out" of the case), you will receive no payment from this settlement. However, you would be free to pursue your claims separately against LandSafe. The steps to exclude yourself are explained below. |
| **OBJECT** | If you wish to challenge the terms of the settlement, including amounts requested for attorneys' fees, costs and service awards to the Plaintiffs and others, you may file an objection with the Court, setting forth the reasons why you oppose the settlement or any of its terms. However, in order to object to the settlement you must also not exclude yourself from the settlement. You may also appear in Court and explain why you do not like the settlement or use an attorney to appear for you. If you object, this does not mean you opt out of the class (in fact, as explained below, if you choose to "opt out" of the class, you will not be permitted to object to the settlement terms). |

| WHAT THIS NOTICE CONTAINS |
|---|

BASIC INFORMATION — PAGE 2
1. Why did I get this notice package?
2. What is this lawsuit about?
3. What is a class action?
4. Why is there a settlement?

WHO IS IN THE SETTLEMENT — PAGE 3
5. How do I know if I am part of the settlement?
6. Are there exceptions to being included?
7. I am still not sure if I am included.
8. For former employees: will this affect my severance?

THE SETTLEMENT BENEFITS – WHAT YOU GET — PAGE 3
9. What does the settlement provide?
10. How much will my payment be?

YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT — PAGE 4
11. How can I get a payment?
12. When would I get my payment?
13. What am I giving up to get a payment?
14. What if I believe I am not being credited for the right number of work-weeks or the right number and types of appraisals?

EXCLUDING YOURSELF FROM THE SETTLEMENT
15. How do I get out of the settlement? — PAGE 4
16. What happens if I do nothing?
17. What are claims under the Fair Labor Standards Act?

THE LAWYERS REPRESENTING THE CLASS — PAGE 4
18. Do I have a lawyer in this case?
19. How will the lawyers and Class Representative/Plaintiffs be paid?

OBJECTING TO THE SETTLEMENT — PAGE 5
20. How do I tell the Court that I challenge all or some of the settlement terms?
21. What's the difference between objecting, on the one hand, and excluding myself (*i.e.*, "opting out") from the settlement, on the other?

THE COURT'S FINAL FAIRNESS HEARING — PAGE 5
22. When and where will the Court decide whether to approve the settlement?
23. Do I have to come to the hearing?
24. May I speak at the hearing?

GETTING MORE INFORMATION — PAGE 6
25. Are there more details about the settlement?
26. How do I get more information?

INFORMATION USED TO CALCULATE YOUR SETTLEMENT SHARE — PAGE 6
27. What data are being used to calculate my settlement share?

## BASIC INFORMATION

**1.   Why did I get this notice package?**

LandSafe's records indicate that: (a) you worked for LandSafe as a staff appraiser in California between April 9, 2009 and the present, and a third-party claims administrator's records indicate that you did not exclude yourself from the class of staff appraisers certified by the Court in the lawsuit; and/or (b) you worked for LandSafe as a staff appraiser between April 9, 2010 and the present and, according to Court records, you previously have filed and never have withdrawn a consent to join the lawsuit.

You received this notice because you have a right to know about a proposed settlement of a class and collective action lawsuit, and about your options, before the Court decides whether to approve the settlement. If the Court approves it, and after any objections and appeals are resolved, a third-party administrator appointed by the Court will make the payments that the settlement requires.

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Central District of California, and the case is known as *Terry P. Boyd et al. v. Bank of America Corp.; LandSafe, Inc. et al.*, Case No. 13-CV-00561 DOC. The people who brought the suit are called Plaintiffs, and entities the suit was brought against (Bank of America Corp., LandSafe, Inc. and LandSafe Appraisal Services, Inc.) are the Defendants.

**DO NOT CONTACT THE COURT DIRECTLY WITH QUESTIONS. THE COURT WILL NOT ANSWER ANY OF YOUR QUESTIONS.**

| 2. | What is this lawsuit about? |

The lawsuit claims that LandSafe misclassified staff appraisers as "exempt" from state and federal overtime laws and thereby: (1) failed to pay staff appraisers overtime when they worked more than eight hours in a day in California or forty hours in a week both within and outside of California; (2) failed to provide rest and meal breaks to California staff appraisers; (3) failed to provide complete and accurate wage statements to its California employees; (4) failed to pay its California employees all wages due at the time of discharge or resignation from employment; and (5) as a result of the foregoing, engaged in unfair or unlawful business practices in violation of the California Business and Professions Code.

The Court has ruled that LandSafe staff appraisers are not exempt from overtime under the administrative or learned professional exemptions under California or federal law, or the highly-compensated employee exemption under federal law. However, LandSafe believes that its pay practices have at all times been appropriate under California and federal law and has vowed to appeal any adverse ruling by the Court. Nonetheless, as a result of this lawsuit and as part of this settlement, to the extent that Bank of America Corporation, either directly or through a direct or indirect subsidiary, continues to maintain in-house Staff Appraisers as their employees, Defendants will take steps to reclassify the Staff Appraiser position as overtime eligible as soon as practicable.

| 3. | What is a class action? |

In a class action, Class Representatives (in this case Terry P. Boyd, Ethel Joann Parks, Sonia Medina and Linda Zanko, on behalf of staff appraisers), sue on behalf of people who have similar claims ("Class Members"). The Court will resolve the issues for all Class Members, except for those who exclude themselves from the Class. Note that the other individual listed in the suit (Victor Galaz) was a review appraiser, whose claims were resolved in a prior settlement.

| 4. | Why is there a settlement? |

The Court did not issue a final judgment in favor of Plaintiffs or Defendants. Instead, the parties reached a negotiated settlement, which avoids the uncertainties and delays associated with further litigation and which compensates the Class Members sooner, rather than later. The Class Representatives and Plaintiffs' attorneys believe that this settlement is in the best interests of all Class Members.

## WHO IS IN THE SETTLEMENT

| 5. | How do I know if I am part of the settlement? |

Everyone who fits the following description is a Class Member:

All Staff Appraisers who worked for Bank of America Corp., LandSafe, Inc., and/or LandSafe Appraisal Services, Inc., and who: (1) worked in California at any time between April 9, 2009 and September 28, 2015, who did not opt out of this case, or (2) worked in a state other than California at any time between April 9, 2010 and September 28, 2015, who timely submitted a consent form to opt-into this case, and who never withdrew their consent.

| 6. | Are there exceptions to being included? |

You are not a Class Member if you did not work for Bank of America Corp., LandSafe, Inc., and/or LandSafe Appraisal Services, Inc. as a Staff Appraiser in California during the period in question. Staff Appraisers that worked in a state other than California at any time between April 9, 2010 and September 28, 2015 but did not timely submit a consent form to opt-into this case, or who withdrew a prior consent form, are not included in the settlement and cannot participate in this settlement. Staff Appraisers who opted out of this case also may not participate.

| 7. | I am still not sure if I am included. |

If you are receiving this notice, it is most likely that you do qualify to participate, and unless you opt out or withdraw your consent form opting into this case, you will receive a settlement payment, assuming that the Court approves the settlement. If you have questions about whether you qualify, you may contact Class Counsel at the contact information provided below.

| 8. | For former employees: will this affect my severance? |

If you are a former employee who, in connection with a reduction in force, signed a severance agreement containing various releases of claims against LandSafe, LandSafe has agreed that you are still permitted to participate in this settlement. You are not required to opt out of this settlement. Remaining a part of the class will not jeopardize any severance payments you received when you left LandSafe. However, the amount of your recovery from the settlement will be reduced by 20% to reflect the litigation risks associated with your claims.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 9. | What does the settlement provide? |

LandSafe has agreed to create a fund of $36,000,000 to be divided among all California and non-California Staff Appraisers who participate in the settlement, and also to be used to pay for Plaintiffs' attorney's fees and costs, enhancement payments to the named Plaintiffs and others who assisted in the litigation, and other payments made pursuant to this Settlement.

Staff appraisers who participate in the settlement will receive a pro rata payment based on the number and types of appraisals that they completed for LandSafe during the Class Period and how long they worked as staff appraisers for LandSafe during the Class Period, , whether they worked in California or another state, and whether they previously signed a severance agreement.

California staff appraisers will receive payment that is proportionally larger than review appraisers in other states, to reflect the fact that California staff appraisers have claims for meal- and rest-period violations and various California-specific penalties, which are claims that arise under California law, and which are available only to California employees. Staff appraisers who previously signed a severance agreement will have their recovery from the settlement reduced by 20% to reflect the litigation risks associated with their claims.

### 10. How much will my payment be?

Your estimated minimum share of the fund is listed on the first page of this Notice. The amount will depend on the number and types of appraisals you completed for LandSafe during the Class Period, how long you worked as a staff appraiser for Landsafe during the Class Period, whether you worked in California or another state, and whether you previously signed a severance agreement. If other Class Members do not participate in the settlement, your share of the fund may increase proportionately.

One third of the settlement amount you receive will be considered wages (and have standard payroll taxes deducted from it) and the other two thirds will be considered interest and penalties, to be paid to you with an IRS Form 1099. You alone are responsible to pay any appropriate taxes on the latter amount.

## YOU WILL RECEIVE A PAYMENT UNLESS YOU AFFIRMATIVELY OPT OUT

### 11. How can I get a payment?

If you are receiving this notice, you qualify for payment, and unless you affirmatively opt out of the settlement by December 22, 2015, you will automatically receive a payment.

### 12. When would I get my payment?

The Court will hold a hearing on January 11, 2016 at 8:30 a.m. to decide whether to finally approve the settlement. If the Court approves the settlement, there may be appeals. Resolving any appeals can take time, perhaps more than a year. Please be patient.

However, if the Court approves the settlement at the hearing and there are no appeals, payments will be made within several weeks after the hearing.

### 13. What am I giving up to get a payment?

Unless you affirmatively exclude yourself from the settlement, you are part of the Class. You cannot sue, continue to sue, or be part of any other lawsuit against LandSafe about the wage and hour claims covered by this settlement. It also means that all of the Court's orders will apply to you and legally bind you.

Unless you affirmatively exclude yourself from the settlement, you will be releasing all wage and hour claims covered by this settlement, whether you cash your check or not, except for federal Fair Labor Standards Act claims, which will only be released if you cash your check.

You can review the exact language of the release by reviewing the Settlement Agreement online, at the web address listed in the "Getting More Information" section of this Notice, below. The relevant portion begins in Page 33 of the Settlement Agreement.

### 14. What if I believe I am not being credited for the right number of work-weeks or the right number and types of appraisals?

Any Class Member who disputes the information shown in Section 27 of his or her Notice of Settlement regarding the total number and type of appraisals that he or she actively worked as a staff appraiser may indicate and explain such disagreement under penalty of perjury within sixty (60) days of the mailing of the Notice of Settlement by notifying the Claims Administrator pursuant to the procedures set forth herein and described in the Notice of Settlement. Any such Class Member must submit documentation relating to his or her dispute. The Claims Administrator shall notify LandSafe's Counsel and Class Counsel of any such dispute no later than five (5) days after receiving notice of the dispute. In the case of a dispute, LandSafe's records shall control and will have a rebuttable presumption of correctness. For any dispute that arises, counsel for the Parties may stipulate to a resolution, or may ask the Court to resolve a dispute.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this settlement, but you want to keep the right to pursue claims (or continue to pursue claims) against LandSafe on your own regarding the legal issues in this case, then you must exclude yourself from the settlement. This is called "opting out" of the settlement Class. If you exclude yourself from the Settlement, you will not receive any money at all from this Settlement.

### 15. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail stating that you want to be excluded from *Terry P. Boyd et al. v. Bank of America Corp. et al*. Be sure to include your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than **December 22, 2015** to:

*Boyd v. Bank of America Staff Appraiser* Claims Administrator
P.O. Box 40007
College Station, TX 77842-4007

If you ask to be excluded, you will not get any settlement payments of any kind in this case and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You will be able to pursue claims (or continue to pursue claims) against LandSafe for the wage claims at issue in this case in the future. If you have a pending claim or lawsuit, speak to your lawyer in that case immediately. You may need to exclude yourself from this Class to continue your own claim or lawsuit.

### 16. What happens if I do nothing?

If you do nothing regarding this notice, you will be sent a check for your allocated amount. If you do not cash the check, your rights will still be affected, in that you will give up your right to sue LandSafe for claims that this settlement resolves, other than federal claims under the Fair Labor Standards Act.

### 17. What are claims under the Fair Labor Standards Act?

The Fair Labor Standards Act is a federal law governing the payment of overtime for hours worked past 40 in a week. It does not have the same provisions that California law has relating to employees taking meal or rest breaks or double-time wages.

In contrast, California law requires overtime to be paid for hours worked past 8 in a day or 40 hours in a week. California also has laws relating to meal breaks and rest breaks. If you do nothing in this lawsuit and receive a check, you will give up your right to sue based on any California wage law. If you deposit your check, you will release your state and federal wage claims; if you do not deposit your check, you will retain your right to sue under the Fair Labor Standards Act.

## THE LAWYERS REPRESENTING THE CLASS

### 18. Do I have a lawyer in this case?

Two law firms – Bryan Schwartz Law and Schonbrun Seplow Harris & Hoffman, LLP – represent the Class. These lawyers are called Class Counsel. These lawyers will be paid from the settlement amount, so you will not be charged personally for these lawyers' work on this case and in negotiating this settlement. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19. How will the lawyers and Class Representative Plaintiffs be paid?

Class Counsel will ask the Court to approve the payment of up to one-third of the settlement amount for attorneys' fees (*i.e.*, up to $12,000,000), as well as actual litigation costs, associated with investigating the facts, litigating the case, and negotiating the settlement. The Claims Administrator administering the settlement will be compensated at the fair market rate of those services from the settlement, currently estimated at $18,000, subject to Court approval. Plaintiffs will also request that the Court approve payments of up to $25,000 to each of the four named Plaintiffs representing the staff appraisers, for their work in bringing this lawsuit and in exchange for them waiving a much broader array of personal claims than you are waiving. Plaintiffs will also request that the Court approve payments of $2,000 to each Class Member who assisted the litigation by testifying in a deposition in this case and $1,000 to each Class Member who assisted by responding to written discovery.

Class Counsel will also ask the Court to approve a payment of $75,000 to the State of California's Labor and Workforce Development Agency to satisfy alleged Labor Code violations pursuant to the California Labor Code Private Attorneys General Act of 2004 ("PAGA"). This payment to the LWDA is required by statute.

The Court may award less than these amounts. LandSafe has agreed not to oppose Class Counsel's request for fees and expenses. If the Court awards less than the amounts described in this section, that money will be redistributed to Class Members or distributed to an appropriate charity, depending upon the amount of the money. None of this money will revert to LandSafe.

## OBJECTING TO THE SETTLEMENT

### 20. How do I tell the Court that I challenge all or some of the settlement terms?

If you are a Class Member, you can object to the settlement if you wish to challenge any part of it, including the requested attorneys' fees, costs and service payments. You can give reasons why you think the Court should not approve it. The Court will consider your views. Please note, however, that you cannot ask the Court to order a larger settlement; the Court can only approve or deny the settlement as it is presented. If the Court denies approval, no settlement payments will be sent out and the lawsuit will continue. To object, you must send a letter saying that you object to the settlement in *Terry P. Boyd et al. v. Bank of America Corp. et al*, Case No. 13-CV-00561 DOC (be sure to include this case name and number in your letter). Be sure to also include your name, address, telephone number, your signature, and the reasons you object to the settlement. To be considered, you must mail any objection to the four different places set forth below, postmarked no later than December 22, 2015, however, you may submit your objections to the request for attorneys' fees, costs and/or service awards 14 days before the final fairness hearing. The motion and documents requesting final approval and requesting attorneys' fees, costs and service awards will be filed no later than 28 days before the final fairness hearing and will be posted on Class Counsel's website, listed below. Further, please note that the date and time of the final fairness hearing may change so please be sure to check Class Counsel's website to confirm. The addresses to which your objections must be submitted are:

| Court | Class Counsel | Defense Counsel |
|---|---|---|
| Clerk of the Court<br>U.S. District Court for the<br>Central District of California<br>411 W. Fourth St.<br>Santa Ana, CA 92701 | Bryan Schwartz Law<br>1330 Broadway, Suite 1630<br>Oakland, CA 94612<br><br>Schonbrun Seplow Harris & Hoffman, LLP<br>Attn: Wilmer Harris<br>715 Fremont Ave.<br>S. Pasadena, CA 91030 | McGuireWoods LLP<br>Attn: Michael Mandel<br>1800 Century Park East, 8th Fl.<br>Los Angeles, CA 90067 |

### 21. What's the difference between objecting, on the one hand, and excluding myself (*i.e.*, "opting out") from the settlement, on the other?

Objecting is simply telling the Court that you wish to challenge all or part of the settlement. You can object only if you stay in the Class. Excluding yourself from the settlement or "opting out" is telling the Court that you do not want to be part of the Class or receive any payment at all from the settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FINAL FAIRNESS HEARING

### 22. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Fairness Hearing at 8:30 a.m. on January 11, 2016 at the United States District Court for the Central District of California, at 411 W. Fourth St., Santa Ana, CA 92701, before the Honorable David O. Carter, Courtroom 9D. At this hearing the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. After the hearing, the Court will decide whether to approve the settlement. Please note that the hearing may be postponed without further notice to the Class. Thus, if you plan to attend the hearing, you should check the website identified in Question 25, below, or access the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cacd.uscourts.gov.

### 23. Do I have to come to the hearing?

No. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Fairness Hearing. To do so, you must send a letter to the Clerk of the Court saying that it is your "Notice of Intention to Appear in *Terry P. Boyd et al. v. Bank of America Corp. et al.*, Case No. 13-CV-00561 DOC." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be postmarked no later than [XXX], 2015, and be sent to the Clerk of the Court, Class Counsel, and Defense Counsel, at the four addresses listed in Question 20, above. You cannot speak at the hearing if you excluded yourself ("opted out") from the settlement.

«ClaimID»

## GETTING MORE INFORMATION

### 25. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. If there is any conflict between this notice and the Settlement Agreement, the Settlement Agreement will control. You can view a copy of the Settlement Agreement and other key documents in this case at the following web address: www.bryanschwartzlaw.com/LandsafeStaffAppraiserSettlement.htm.

### 26. How do I get more information?

You can call 1-866-497-4092 toll free, write to *Boyd v. Bank of America Staff Appraiser* Claims Administrator, P.O. Box 40007, College Station, TX 77842-4007, or go to www.bryanschwartzlaw.com/LandsafeStaffAppraiserSettlement.htm.

You may also call Class Counsel:

| | |
|---|---|
| Bryan Schwartz | (510) 444-9300 |
| Wilmer Harris | (626) 441-4129 |
| Michael Seplow | (310) 396-0731 |

## INFORMATION USED TO CALCULATE YOUR SETTLEMENT SHARE

### 27. What data are being used to calculate my settlement share?

According to Landsafe's records, you worked [in California] [in a state other than California] during the Class Period.

According to Landsafe's records, you did [did not] sign a severance agreement.

According to LandSafe's records, you worked [    ] weeks as a staff appraiser during the Class Period.

According to LandSafe's records, you completed the following number of the types of appraisals listed below during the Class Period.

```
1004      [#]
[type 2]  [#]
[type 3]  [#]
Etc.
```

:

**DO NOT CALL THE COURT**

**CONCLUSION**

**THIS NOTICE AND ITS CONTENTS HAVE BEEN AUTHORIZED BY THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, THE HONORABLE DAVID O. CARTER, UNITED STATES DISTRICT COURT JUDGE.**

The Honorable David O. Carter
United States District Judge