JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Terry P. Boyd, Ethel Joann Parks, Sonia Medina, Linda Zanko, and Victor Galaz individually, on behalf of others similarly situated, and on behalf of the general public, <br><br> Plaintiffs, <br> vs. <br><br> Bank of America Corp.; LandSafe, Inc.; LandSafe Appraisal Services, Inc.; and DOES 1-10, inclusive <br><br> Defendants. | Case No. SA13-CV-00561 DOC (JPRx) <br><br> **ORDER AND JUDGMENT GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [387]** <br><br> Date:  January 19, 2016 <br> Time:  8:30 a.m. <br> Place:  Courtroom 9D, Santa Ana <br> Hon. David O. Carter |

The Parties came for hearing on Plaintiffs' Motion for Final Approval of Class Action Settlement on January 19, 2016 at 8:30 a.m. in the District Court for the Central District of California, the Honorable David O. Carter presiding. The proposed settlement in this case was preliminarily approved by this Court on September 28, 2015. Pursuant to the Court's Preliminary Approval Order and the Notice provided to the Class, the Court conducted a final fairness hearing as required by Federal Rule of

1

Civil Procedure 23(e). The Court has reviewed the materials submitted by the Parties and has heard arguments presented by counsel at the hearing.

For the reasons cited herein, the Court hereby grants final approval of the Settlement based upon the terms set forth in the Preliminary Approval Order and the Settlement Agreement filed by the parties. The Settlement appears to be fair, adequate, and reasonable to the Staff Appraiser California and Collective Classes (collectively, the "Settlement Class").

1.   Except as otherwise specified herein, for purposes of this Order, the Court adopts and incorporates by reference all defined terms set forth in the Settlement Agreement.

2.   The Court finds that this Settlement satisfies the requirements for class action settlement under Rule 23 and further finds that the Settlement Class has at all times been adequately represented by the Named Plaintiffs and Class Counsel.

3.   The Notice approved by the Court was provided by First Class direct mail to the last-known address of each of the individuals identified as Class Members, after first processing such addresses through the U.S. Postal Service change-of-address database, as stated in the declaration of the Claims Administrator. In addition, follow-up efforts were made to send the Notice to those individuals whose original notices were returned as undeliverable. Efforts were also made to contact Settlement Class Members by telephone and e-mail. Furthermore, a private investigator was engaged to locate two class members with out-of-date contact information. The Notice adequately described all of the relevant and necessary parts of the proposed Settlement Agreement, the request for service payments to the Class Representatives, Class Member Deponents, and Class Member Discovery Respondents, and Class Counsel's request for an award of attorneys' fees and costs.

4.   The Court finds that the Notice given to the Settlement Class fully complied with Rule 23, was the best notice practicable, satisfied all constitutional due process

concerns, and provides the Court with jurisdiction over the Settlement Class Members.

5. The Court has concluded that the Settlement, as set forth in the Settlement Agreement executed by the Parties, is fair, reasonable, and adequate under state and federal laws, including the Fair Labor Standards Act 29 U.S.C. § 201 *et seq*. The Court finds that the uncertainty and delay of further litigation support the reasonableness and adequacy of the $36,000,000 Settlement Fund established pursuant to the Settlement Agreement.

6. Out of the identified Settlement Class Members, none has objected to any aspect of the proposed Settlement, and none has opted out of the proposed Settlement. The reaction of the Settlement Class to the proposed settlement strongly supports the conclusion that the proposed Settlement is fair, reasonable, and adequate.

7. The Settlement is HEREBY APPROVED in its entirety and the releases encompassed therein are effectuated.

8. The Settlement Fund shall be dispersed in accordance with the Settlement Agreement as detailed in the Motion for Preliminary Approval of Class Action Settlement, granted on September 28, 2015.

9. Representative Plaintiffs Terry Boyd, Ethel Joann Parks, Sonia Medina, and Linda Zanko are each hereby awarded $25,000 for their time and effort in pursuing this litigation, and in recognition of the broader releases they have signed and the hardships they faced in representing the class.

10. Class Member Deponents, as that term is defined in the Settlement Agreement, are each hereby awarded $2,000 for their time and effort in providing deposition testimony in support of the class claims.

11. Class Member Discovery Respondents, as that term is defined in the Staff Appraiser Settlement Agreement, are each hereby awarded $1,000 for their time and effort in providing document and interrogatory discovery responses in support of the class claims.

12. Plaintiffs' application for Attorneys' fees in the amount of $12,000,000 and reimbursement of litigation costs in the amount of $175,528.54 is hereby granted in accordance with *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003), and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). In addition, the Court finds that the fee rates set forth in Plaintiffs' application for Attorneys' fees are fair and reasonable. *See* ECF Nos. 380-1 and 381-1. Further, the Court approves payment of $19,608.88 for the Settlement Administrator, Kurtzman Carson Consultants LLC.

13. The Court approves the *cy pres* recipient identified in the Settlement: Legal Aid Society-Employment Law Center, which meets the test under *Dennis v. Kellogg Co.*, 697 F.3d 858, 865 (9th Cir. 2013) that "there be a driving nexus between the plaintiff class and the *cy pres* beneficiaries."

14. The Court finds and determines that payment to the California Labor and Workforce Development Agency of $75,000 as its share of the settlement of civil penalties under the Private Attorney General Act in this case is fair, reasonable, and appropriate. The Court hereby gives final approval to and orders that the payment of that amount be paid out of the Settlement Fund in accordance with the Settlement Agreement.

15. Neither this Order nor the Settlement Agreement constitutes an admission or concession by any of the released parties of any fault, omission, liability or wrongdoing. This order is not a finding of the validity or invalidity of any claims in this action or a determination of any wrongdoing by the Defendants. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, Defendants, or the Class Members.

16. The Court hereby enters Judgment approving the terms of the Settlement. This document shall constitute a final judgment with respect to the Claims of the Settlement Class for purposes of Rule 58 of the Federal Rules of Civil Procedure, and

the Settlement Class Members are barred and permanently enjoined from initiating or prosecuting the Released Claims as defined in the Agreement.

The claims of the Settlement Class Members are hereby DISMISSED WITH PREJUDICE, with each party to bear his, her, or its own costs, except as set forth herein, and with this Court retaining exclusive jurisdiction to enforce the Settlement Agreement, including jurisdiction over the disbursement of the Settlement Fund.

IT IS SO ORDERED

DATED: January 19, 2016

_David O. Carter_
_____
HON. DAVID O. CARTER
UNITED STATES DISTRICT COURT

ORDER AND JUDGMENT GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; 13-CV-00561 DOC (JPRx)